851 F.2d 342
 10 ITRD 1625, 7 U.S.P.Q.2d 1509, 6
Fed. Cir. (T) 148
 TEXAS INSTRUMENTS INCORPORATED, Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,
and
Samsung Company, Limited and Samsung Semiconductor &
Telecommunications Co., Limited, Intervenors.
 Appeal No. 87-1627.
 United States Court of Appeals,
Federal Circuit.
 July 6, 1988.
 
 Hal D. Cooper, Jones, Day, Reavis and Pogue, Cleveland, Ohio, argued for appellant. With him on the brief were Robert C. Kahrl, James L. Wamsley, III and Leonard L. Lewis.
 Michael Buchenhorner and Thomas O'Connell, Office of the General Counsel, U.S. Intern. Trade Com'n, Washington, D.C., argued for appellee. With them on the brief were Lyn M. Schlitt, Gen. Counsel and James A. Toupin, Asst. Gen. Counsel.
 William K. West, Jr., Cushman, Darby & Cushman, Washington, D.C., argued for intervenor Samsung. With him on the brief were Michael L. Keller, Charles R. Donohoe, Peter W. Gowdey, Laurence Harbin, John E. Gartman and Lynn E. Eccleston.
 Before FRIEDMAN, BISSELL, and MAYER, Circuit Judges.
 ORDER
 BISSELL, Circuit Judge.
 
 
 1
 The United States International Trade Commission (ITC) moved for dismissal on the grounds of mootness, that portion of the appeal of Texas Instruments Incorporated (TI) asserting the ITC erred in holding United States Letters Patent No. 3,541,543 ('543) unenforceable due to inequitable conduct before the United States Patent and Trademark Office (PTO). By an unpublished order, this court deferred the motion to the merits panel for consideration. Texas Instruments Inc. v. United States Int'l Trade Comm'n, No. 87-1627 (unpub. order March 10, 1988).
 
 I. The Disposition Below
 
 2
 The '543 patent discloses and claims a structure for a decoder circuit useful for converting binary numbers into a decimal number display. In 1986 TI filed a complaint with the ITC charging nineteen different parties with violating United States tariff laws by importing 256K and 64K dynamic random access memory devices (hereinafter chips). TI alleged that the chips were manufactured outside the United States and that they infringed numerous TI patents, including the '543 patent. The administrative law judge (ALJ) in the initial determination found no violation of section 337, 19 U.S.C. Sec. 1337 (1982 & Supp. IV 1986), with respect to the '543 patent. She did, however, determine that claims 10, 13, 18, and 25 of the '543 patent were invalid for anticipation and obviousness under 35 U.S.C. Secs. 103, 102 (1982 & Supp. IV 1986), respectively. The ALJ also held the '543 patent unenforceable due to inequitable conduct before the PTO. In re Certain Dynamic Random Access Memories, Components Thereof and Products Containing Same, Inv. No. 337-TA-242, slip op. at 223 (Int'l Trade Comm'n May 21, 1987) (hereinafter DRAM ). The ITC, declining to review the ALJ's findings and conclusions with respect to the '543 patent, allowed them to become final on September 21, 1987. 19 C.F.R. Sec. 210.53(h) (1987).
 
 II. Mootness
 
 3
 In its motion to dismiss for mootness, the ITC contends that even if TI prevails on appeal, the law provides for no remedy because (1) the '543 patent expired on November 17, 1987, and (2) TI waived its right to appeal the invalidity and noninfringement issues because it appealed to this court only the unenforceability issue. We agree.
 
 
 4
 The ITC has a limited statutory mandate. Once the ITC determines that a party has violated the tariff laws, it may provide the injured party with the remedies set forth in section 337(d)-(f) of the Tariff Act of 1930, 19 U.S.C. Sec. 1337(d)-(f) (1982). The ITC can issue only an exclusion order barring future importation or a cease and desist order barring future conduct. If the violation of section 337 involves patent infringement, neither of the above remedies is applicable once the patent expires. Cf. Kinzenbaw v. Deere & Co., 741 F.2d 383, 386-87, 222 USPQ 929, 931 (Fed.Cir.1984) (holding injunctive relief is not available after the patent expires), cert. denied, 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985). Thus, even if the ITC had determined that the '543 patent was enforceable, valid, and infringed, there is no remedy that the ITC could have granted TI because the patent had expired. Therefore, the expiration of the '543 patent has rendered this portion of the appeal moot.
 
 
 5
 However, the question still remains what effect, if any, will the ITC's determination that the '543 patent is unenforceable due to inequitable conduct have on the ability of TI to enforce this patent in other litigation. Although this court has stated that the ITC's determinations regarding patent issues should be given no res judicata or collateral estoppel effect, Tandon Corp. v. United States International Trade Commission, 831 F.2d 1017, 1019, 4 USPQ2d 1283, 1285 (Fed.Cir.1987), TI contends that it has a definite and real concern that the ITC's determination will impair its future efforts to enforce its patent portfolio. As an example, TI cites the defense Samsung raised in federal district court litigation with TI in which TI asserted the infringement of eight of its patents, including the '543 patent. Samsung contended that under the decision of Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 54 S.Ct. 146, 78 L.Ed. 293 (1933), the unenforceability of the '543 patent rendered TI's entire portfolio unenforceable. Texas Instruments Inc. v. Fujitsu, Ltd., Civ. No. Ca3-86-0259-H (N.D. Texas January 15, 1988). TI also argues that a Walker Process type defense may be asserted against it in the future if the ITC's unenforceability determination stands. See Walker Process Equip., Inc. v. Food Machinery and Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965) (stating that fraudulent procurement of a patent can form basis of antitrust claim).
 
 
 6
 Even if TI's argument had merit, the established practice in dealing with civil cases that become moot while on their way through the appeal process is to "reverse or vacate the judgment below and remand with a direction to dismiss." United States v. Munsingwear, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). See also Kinzenbaw, 741 F.2d at 386-87, 222 USPQ at 931. "That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." Munsingwear, 340 U.S. at 39-40, 71 S.Ct. at 107. This is such a case. We, therefore, hold moot that portion of the appeal directed to the '543 patent.
 
 
 7
 Accordingly,
 
 IT IS ORDERED that:
 
 8
 That portion of the ITC's final determination relating to the '543 patent is vacated and the case is remanded to the ITC with instructions to dismiss as moot the portion of the complaint relating to that patent.