979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LITTON SYSTEMS, INC., Plaintiff-Petitioner,
v.
RAYTHEON COMPANY, Defendant-Respondent.
 Misc. No. 344.
 United States Court of Appeals, Federal Circuit.
 Aug. 4, 1992.
 
 Before NIES, Chief Judge, and PLAGER and CLEVENGER, Circuit Judges.
 ON PETITION FOR PERMISSION TO APPEAL
 CLEVENGER, Circuit Judge.
 
 ORDER
 
 1
 Litton Systems, Inc. petitions for permission to appeal the May 19, 1992 order of the United States District Court for the Western District of Tennessee, certified for immediate appeal pursuant to 28 U.S.C. § 1292(b), (c)(1) on June 19, 1992. Raytheon Company opposes.
 
 
 2
 This matter stems from Litton's suit to have Raytheon's patent, claiming a heating apparatus (i.e., a microwave with an effective door seal), declared invalid, unenforceable, and not infringed. Raytheon counterclaimed for infringement and requested a jury trial. During the course of discovery, Litton moved for summary judgment of noninfringement and invalidity. The district court, adopting the magistrate's report, denied the motion for summary judgment. Specifically, the district court held that there were genuine issues of material fact concerning whether Raytheon concealed the best mode, that there were genuine issues of material fact with respect to test results and the operations of each party's energy seal so that summary judgment of noninfringement was not appropriate, and that it was not persuaded that Raytheon should be precluded from making certain arguments because submission of certain test results during prosecution of the patent amounted to an amendment of the claim or argument limiting the claim. With respect to the last matter, the district court stated:
 
 
 3
 Litton argues the Patent Office allowed Raytheon's claims because of their limiting arguments. Raytheon maintains there were no attorney or inventor arguments or amendments presented to the Patent Office which defined of [sic] limited any word of any claim at issue.
 
 
 4
 The Magistrate found Raytheon made no such limiting arguments or amendments as to the pronounced dip in energy. It appears to the court Litton is arguing that because Raytheon submitted the result of the energy leakage tests in obtaining the patent, it should be estopped from asserting its claims without the limitation of a pronounced dip in energy leakage at the 2450 MHz frequency as indicated by the tests. The court is not persuaded this amounts to an amendment of the claim or argument limiting the claim. The test results could merely be evidence of the fact that the subject energy seal functioned as stated. This does not in the court's opinion amount to a limitation. Furthermore, Raytheon points out there are structural differences between the Decca prior art seal and its seal. Summary judgment on this basis is denied.
 
 
 5
 Litton thereafter moved the district court to certify the following question for interlocutory review:
 
 
 6
 Whether, when a claim is rejected for obviousness in view of a prior art structure and the patent applicant does not amend the claim but instead submits comparative tests under 37 C.F.R. § 1.132 showing that the claimed structure functions differently from the prior art structure, and these tests form the principal basis for the withdrawal of the obviousness rejection and the allowance of the claim, the patent owner is thereafter legally estopped from asserting infringement of that claim by a structure which does not function like the claimed structure but instead functions like the prior art structure.
 
 
 7
 The district court did so without comment on June 19, 1992, accepting Litton's formulation of the controlling question.
 
 
 8
 An order is appropriate for certification if (1) it involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b), (c)(1). This court decides to grant or deny a petition for permission to appeal in its discretion. In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). Here, Litton has not persuaded us that the order is appropriate for interlocutory review.
 
 
 9
 The question before us states in part: "... and these tests form the principal basis for the withdrawal of the obviousness rejection and the allowance of the claim...."
 
 
 10
 After reading the papers presently before us, we are persuaded by Raytheon's arguments that structural claims 49 and 55-56 now in suit might very well have been allowed for reasons apart from the test results. The question of why the claims were allowed is not before us. Moreover, it would have been inappropriate for the district court to have decided that issue in the summary judgment context because resolution of the issue, as the district court noted, requires a decision on disputed facts. Because of that dispute, resolution of the question at this point may not materially advance the ultimate determination of the litigation and the question itself may not be "controlling." It would not be appropriate for this court to decide a question where the underlying factual premise is in dispute. Moreover, if it is found at trial that the tests were not the principal reason for allowing the claims, the court's "answer" at this point would have been an advisory opinion on an irrelevant question.
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 Litton's petition for permission to appeal is denied.