9 F.3d 977
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GROUP ITALGLASS U.S.A., INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 Misc. No. 376.
 United States Court of Appeals, Federal Circuit.
 July 30, 1993.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Group Italglass U.S.A., Inc. petitions for permission to appeal the Court of International Trade's May 14, 1993 order certified for immediate appeal pursuant to 28 U.S.C. Sec. 1292(d)(1). The United States opposes.
 
 
 2
 This matter stems from a dispute over the classification by the Customs Service of certain glassware imported by Italglass. At issue is tariff heading 7010:
 
 
 3
 Carboys, bottles, flasks, jars, pots, vials, ampoules and other containers of glass, of a kind used for the conveyance or packing of goods ... [emphasis added].
 
 
 4
 The Court of International Trade decided that the criterion for articles classified under tariff heading 7010 is whether the merchandise is principally used commercially for the conveyance or packing of goods. Italglass argued that there was no justification or authority for the trial court's interjecting the limiting word "commercially" into the 7010 heading.
 
 
 5
 In response to Italglass' motion, the Court of International Trade certified its order for immediate appeal pursuant to Sec. 1292(d)(1) and framed the controlling question of law as:
 
 
 6
 whether the Court of International Trade was correct in its interpretation of heading 7010 of the Harmonized Tariff Schedules of the United States.
 
 
 7
 Italglass states that a reversal of this underlying legal question "would effectively terminate this action or clear the way for summary judgment in favor of plaintiff." In response, the United States argues that if this court affirms, the matter will continue to trial and may not advance the ultimate termination of the litigation.
 
 
 8
 This court has complete discretion in deciding whether to accept or deny a petition for permission to appeal. In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). In this case, we decline to grant the petition because reviewing the order on appeal may not advance the ultimate termination of the litigation. Moreover, we hesitate to interrupt the continuation of this case before the Court of International Trade while we decide this issue.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 Italglass' petition is denied.