17 F.3d 1444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Samuel RABER, Plaintiff-Respondent,
v.
PITTWAY CORPORATION, d/b/a BRK Electronics, Defendant-Petitioner.
 Misc. No. 388.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1994.
 
 Before RICH, MICHEL, and CLEVENGER, Circuit Judges.
 ON PETITION FOR PERMISSION TO APPEAL
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Pittway Corporation petitions for permission to appeal the order certified by the United States District Court for the Northern District of California, pursuant to 28 U.S.C. Sec. 1292(b), (c)(1), as one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. Samuel Raber states that he "does not support this petition."
 
 BACKGROUND
 
 2
 In 1991, Raber sued Pittway for patent infringement in the district court. In May of 1992, the district court granted Pittway's motion to dismiss, concluding that Raber did not have standing to sue Pittway because an agreement and side agreement between Raber and Cerberus AG only granted Raber a license, not an assignment, under the patent. This court affirmed the district court's dismissal. Raber v. Pittway Corp., 996 F.2d 318 (Fed.Cir.1993) (Table).
 
 
 3
 After the district court dismissed Raber's complaint, Raber and Cerberus entered into an amended side agreement. Raber then sued Pittway again for infringement. Pittway again moved to dismiss because Raber lacked standing and because Cerberus AG was a necessary and indispensable party. On August 13, 1993, the district court denied Pittway's motion to dismiss. The district court noted that under the amended side agreement Raber was no longer required to obtain Cerberus AG's consent to assign the patent and Cerberus AG was no longer allowed to sublicense the patent. The district court stated that the amended side agreement was a complete assignment of the patent to Raber and a return grant of a license to Cerberus Technologies, a United States subsidiary of Cerberus AG. The district court also noted that Raber now has the exclusive right to sue for patent infringement, although Cerberus AG was entitled to one-half of the proceeds thereof.
 
 
 4
 Concerning the argument that Cerberus AG was a necessary and indispensable party under Fed.R.Civ.P. 19, the district court concluded that "complete relief can be accorded among plaintiff and defendant in the absence of Cerberus AG" and that Cerberus AG was not an indispensable party. On November 4, 1993, the district court granted Pittway's motion to certify the August 13 order for immediate interlocutory appeal.
 
 DISCUSSION
 
 5
 The district court did not set forth a specific controlling question of law. Pittway poses the issues as:
 
 
 6
 1. Whether Raber has cured the standing deficiencies on which this Court affirmed the dismissal of his first Complaint. More specifically, whether Raber now has standing to sue in light of remaining encumbrances on the required rights of exclusivity and alienability. Cerberus, his transferor, retains: (1) uncancellable royalty-free rights to make, use, and vend; and (2) the right to receive one half of the proceeds from any and all subsequent licenses or sales of the patent, not only by Raber himself, but by any subsequent transferee. Stated another way, any subsequent transferee of the patent must agree to pay one half of any licensing revenue or the proceeds of the further sale of the patent to Cerberus as a condition of transfer.
 
 
 7
 2. Whether Cerberus is a necessary and indispensable party to this lawsuit, because it has interests in the patent and the outcome of this suit, has relevant evidence, and is a foreign corporation not subject to the Court's jurisdiction.
 
 
 8
 This court makes its own determination whether it will accept an interlocutory appeal pursuant to Sec. 1292(b), (c). See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). Such a ruling is within this court's complete discretion. Id. The certified order here concerns the law as applied to the specific facts of this case. There is no new question of law that would be of general interest or that would be applicable to a wide range of cases. Given the limited applicability of the question and its connection with the facts of this case, we do not consider this order appropriate for immediate review and we decline to exercise our discretionary jurisdiction in this case.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 Pittway's petition for permission to appeal is denied.