77 F.3d 502
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
STUDIENGESELLSCHAFT KOHLE, m.b.H., Plaintiff-Respondent,
v.
SHELL OIL COMPANY, Defendant-Petitioner.
STUDIENGESELLSCHAFT KOHLE, m.b.H., Plaintiff-Appellant,
v.
SHELL OIL COMPANY, Defendant-Appellee.
 Misc. No. 451.
 No. 96-1079.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1995.
 
 Before PLAGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION TO CONSOLIDATE
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 Shell Oil Company petitions for permission to appeal the orders certified by the United States District Court for the Southern District of Texas as involving a controlling question of law as to which there is a substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b), (c)(1). Studiengesellschaft Kohle, m.b.H. (SGK) states that it does not oppose the petition. SGK notes that it has appealed another portion of the case, appeal no. 96-1079, certified by the district court pursuant to Fed.R.Civ.P. 54(b). SGK moves for consolidation of the two appeals and for the court to set forth a briefing schedule.
 
 
 2
 Briefly, SGK and Shell entered into a licensing agreement concerning Shell's manufacture of polypropylene in exchange for royalties. Shell thereafter developed a new polymerization process and it began production under this process. SGK sued Shell for infringing its patent and for breach of contract, alleging that Shell used SGK's patented process in the new polymerization process and that Shell underreported its production and sale of polypropylene and failed to pay royalties under the licensing agreement.
 
 
 3
 Shell moved for summary judgment of invalidity and noninfringement. On August 31, 1995, the district court granted Shell's motion for summary judgment of invalidity, determining that SGK's patent was invalid as anticipated by prior art. The district dismissed SGK's breach of contract claim and it concluded that SGK's infringement claim was moot.
 
 
 4
 Turning to SGK's argument that it was entitled to damages for the period following execution of the licensing agreement and until the invalidity determination, the district court concluded that some circuit courts have held that under equity a licensor may recover damages for breach of contract for past royalties earned before and until the validity of the underlying patent is challenged. The district court noted that this court has not addressed directly the issue of damages for such royalties. See, e.g., RCA Corp. v. Data General Corp., 887 F.2d 1056 (Fed.Cir.1989). The district court thus concluded that current law "does not prohibit a licensor from recovering damages sustained from the breach of a licensing agreement where the validity of the underlying patent was not challenged until after the breach allegedly occurred." Lastly, the district court ordered that trial proceed on this issue.
 
 
 5
 Shell moved for reconsideration of the August 31 order, and SGK moved for entry of a final judgment. On September 29, 1995, the district court denied both motions, but concluded that an interlocutory appeal under § 1292(b) would be appropriate concerning whether "SGK is entitled to seek past royalties for processes covered by the invalid claims." On October 11, 1995, the district court set forth the following as the controlling question of law:
 
 
 6
 Where the Court has found the relevant patent claims invalid, may the Licensor recover damages for breach of contract for past royalties due on processes allegedly covered by such claims, from the date of the alleged breach until the date that the Licensee first challenged the validity of the claims.
 
 
 7
 In a second order issued on October 11, the district court vacated its earlier denial of SGK's motion for entry of a final judgment and directed entry of final judgment under Fed.R.Civ.P. 54(b) with regard to the summary judgment of invalidity. On October 26, 1995, SGK appealed, appeal no. 96-1079.
 
 
 8
 This court makes its own determination whether it will accept an interlocutory appeal pursuant to § 1292(b), (c)(1). See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). Such a ruling is within this court's complete discretion. Id.
 
 
 9
 We conclude that the first October 11 order meets the criteria of § 1292(b), (c)(1) and that permissive appeal is warranted. The issue that arises in this petition encompasses a controlling question of law and is appropriate for immediate appeal pursuant to § 1292(b), (c)(1). Further, both parties and the district court request that we accept this appeal.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) Shell's petition for permission to appeal is granted.
 
 
 12
 (2) SGK's motion for consolidation is granted.
 
 
 13
 (3) After Shell's appeal is docketed, SGK will be designated the appellant and Shell will be designated the cross-appellant. The briefing schedule will be computed in accordance with the filing date of Shell's appeal.