101 F.3d 715
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert FLORES, Plaintiff-Petitioner,
v.
UNION PACIFIC RAILROAD COMPANY and Western-Cullen-Hayes,
Inc., Defendants-Respondents.
 No. MISC. 474.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 Robert Flores petitions for permission to appeal the order certified by the United States District Court for the Central District of California as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b), (c)(1). Union Pacific Railroad Company et al. submit a response.
 
 
 2
 Flores sued Union Pacific for infringement of his patent related to a break-resistant railroad crossing gate. The district court held a hearing to construe claim 1. Such hearings to enable a judge to construe patent claims have become known as "Markman" hearings. See Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed.Cir.1995) (in banc), aff'd 116 S.Ct. 1384 (1996). At the "Markman" hearing, the district court offered its "tentative" interpretation of the words "rotatably" and "rotate." The district court stated that the words "mean freedom of angular movement of at least 90 degrees in each direction from the original upright position." In a later order, the district court certified that the interpretation of rotatably and rotate involves a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation.
 
 DISCUSSION
 
 3
 An otherwise unappealable, interlocutory order may be reviewed by this court if a district court certifies the order pursuant to 28 U.S.C. § 1292(b), (c)(1) and this court grants a party's petition for permission to appeal the order. This court determines for itself whether it will grant permission to appeal an interlocutory order pursuant to that provision. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). Such a ruling is within this court's complete discretion. Id.
 
 
 4
 Upon consideration of the district court's ruling and the parties' submissions, we determine that granting the petition is not in the interest of judicial efficiency.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The petition for permission to appeal is denied.