**Timothy L. TAYLOR, Plaintiff–Respondent,**

v.

**PPG INDUSTRIES, INC., Defendant–Petitioner.**

No. 670.

United States Court of Appeals, Federal Circuit.

July 11, 2001.

Russell J. Stutes, Jr., Scofield, Gerard, Veron, Singletary & Pohorelsky, of Lake Charles, LA, for plaintiff-respondent Timothy L. Taylor. Of counsel were John B. Scofield and John C. Guillet.

Darrel C. Karl, Finnegan, Henderson, Farabow, Garrett & Dunner, L .L.P., of Washington, DC, for defendant-petitioner

PPG Industries, Inc. Of counsel was Ford F. Farabow, Jr.

Before MAYER, Chief Judge, SCHALL and GAJARSA, Circuit Judges.

## ORDER

GAJARSA, Circuit Judge.

PPG Industries, Inc. ("PPG") petitions for permission to appeal, pursuant to 28 U.S.C. §§ 1292(b), (c)(1), the portion of an April 20, 2001 judgment of the United States District Court for the Western District of Louisiana determining that federal patent law does not preempt certain state law claims brought by Timothy L. Taylor. Taylor opposes.

Taylor brought suit against PPG, alleging federal antitrust violations and asserting numerous state law claims arising under Pennsylvania, Louisiana and California law. Taylor also sought a declaratory judgment that he is the sole inventor of two patents for which he is the registered owner.

PPG moved for summary judgment with respect to all claims except the claim for declaratory relief (involving the inventorship issue). PPG argued, inter alia, that Taylor's state law claims were preempted by federal patent law. The district court granted PPG's motion for summary judgment on Taylor's federal antitrust claim and, after determining that Louisiana law governed the state law claims, dismissed the claims brought under Pennsylvania and California law. The district court denied PPG's motion with respect to the Louisiana state law claims, concluding that the claims were not preempted by federal patent law.

The district court certified portions of its decision for interlocutory appeal under 28 U.S.C. §§ 1292(b), (c)(1). Specifically, in the judgment on motion for summary judgment, the district court certified its ruling that federal patent law does not preempt Taylor's Louisiana state law claims. PPG petitions for permission to appeal that portion of the district court's decision. The district court also entered final judgment pursuant to Fed.R.Civ.P. 54(b) with respect to other portions of the April 20, 2001 decision, i.e., the dismissal of the California and Pennsylvania state law claims and the dismissal of the antitrust claims. Taylor has appealed that judgment pursuant to Rule 54(b), appeal no. 01–1363. Thus, the only issues that remain in the district court are the Louisiana state law claims and the claim for declaratory relief regarding inventorship.

◼ This is a highly unusual case. As noted above, the district court ruled on various matters in this case in a single order. The district court entered final judgment pursuant to Rule 54(b) with respect to some portions of the order, and Taylor has appealed the Rule 54(b) judgment. The district court certified other portions of the order for immediate appeal pursuant to 28 U.S.C. §§ 1292(b), (c)(1). PPG has petitioned for permission to appeal those portions of the order. Allowing the appeals to proceed simultaneously will promote judicial efficiency.

◼ Further, we conclude that the district court's decision regarding the preemption of Taylor's state law claims "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Accordingly,

IT IS ORDERED THAT:

I. PPG's petition for permission to appeal is granted.

II. The clerk is directed to consolidate this case with appeal no. 01–1363.

MAYER, Chief Judge, dissenting.

To permit an immediate appeal of an interlocutory order, a district court may certify that its ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ..." 28 U.S.C. § 1292(b). The decision to grant such a petition is within our complete discretion. *In re Convertible Rowing Exerciser Patent Litig.,* 903 F.2d 822 (Fed.Cir.1990). I would deny the petition for permission to appeal. An interlocutory appeal of this portion of the case prematurely addresses issues that will only fully ripen at trial, will provide no assurance of streamlining the litigation, and will force Taylor to immediately defend an appeal on a point of law that presents a case of first impression for our court that could extend our existing precedent. This court should husband its resources and allow interlocutory appeals only in extraordinary circumstances. By its permissiveness in this appeal, the court makes it extremely difficult to differentiate among worthy and unworthy appeals.

PPG argues that this case presents "substantial ground for difference of opinion" because *Hunter Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318, 1335 (Fed.Cir.1998) (holding that federal patent laws preempt state laws such that, absent proof of bad faith, a patentee cannot be held liable for publicizing his patents and putting infringers on notice of his patent rights), *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.,* 175 F.3d 1356 (Fed.Cir.1999), should be extended to insulate a party alleging co-ownership of a patent from state law liability for such an assertion absent proof of bad faith. PPG also argues that an immediate appeal will "materially advance" the resolution of the litigation because it may be dispositive, or may at least provide guidance to the trial court as to correct jury instructions on bad faith; and it conserves judicial resources since Taylor has appealed the district court's summary judgment dismissing his antitrust claims and California and Pennsylvania state law claims.

PPG's arguments are not persuasive. First, it implies that all of Taylor's Louisiana law counterclaims—fraud, detrimental reliance, unfair trade practices and conversion—rest on PPG's assertion that it is entitled to co-ownership of the Taylor patent. However, Taylor has alleged the additional factual bases of (1) PPG's refusal to sell Taylor's prospective business partner, GemChem, a chemical necessary for the invention (as well as other acts that allegedly severed the relationship between Taylor and GemChem); (2) Taylor's detrimental reliance on PPG's patent attorney's representation that PPG had no patentable claim to his invention; *as well as,* (3) PPG's communication of its claim of co-ownership of the patent to GemChem. Therefore, early resolution of the state law causes of action resting upon PPG's statements of co-ownership will not "clean up" the litigation below because the remainder of the factual bases still need to be tried. Second, as PPG admits, this is a case of first impression for the Federal Circuit. The equities weigh against straining the resources of an individual plaintiff to respond to an immediate appeal solely to consider expanding existing law. Third, this litigation may very well be appealed again after the district court's ruling on the declaratory judgment of co-ownership, and we can address this issue at that time. Moreover, the record will be clearer at that point if PPG is adjudged to be a co-owner. PPG's good or bad faith will likely already be addressed on the record below, because "immoral, unethical, oppressive, unscrupulous, or substantially injurious" (i .e., "bad faith") conduct is necessary to

**1318**

prove an unfair trade practices claim under Louisiana law, *Landrum v. Bd. of Comm'rs of the Orleans Levee Dist.*, 685 So.2d 382, 389 (La.App.4th 1997) (citations omitted), and proof of misrepresentation with "intent to defraud or gain an unfair advantage" (again, a form of bad faith) is an element of a fraud claim, *Murphy's Welding Serv., Inc. v. Bayou Concessions Salvage, Inc.*, 780 So.2d 1284, 1288 (La. App. 4th 2001).

Finally, as to whether there are substantial grounds for difference of opinion on the law, Taylor presents strong arguments that the preemption rationale of *Hunter Douglas* (as well as *Zenith Elec. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed.Cir. 1999) and *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1475 (Fed.Cir.1998)) was premised upon the patent laws' governance of the rights and obligations of an existing patentee, rather than an individual without recognized legal rights to the patent. PPG has not articulated a rationale for immunizing extra-judicial allegations of patent co-ownership from state tort liability via preemption, or shown that all of the elements of Taylor's state causes of action are included within a federal claim. Certainly, the patent laws do not protect or impose an obligation on one who alleges co-ownership of a patent to make such extra-judicial statements to a third party. Therefore, Taylor should have the right to try his Louisiana law claims before a jury before having to defend an appeal to invalidate the district court's order based on an argument to extend existing law.