**OMNIGLOW CORPORATION,**
**Plaintiff–Petitioner,**

v.

**UNIQUE INDUSTRIES, INC.,**
**Defendant–Respondent.**

No. 698.

United States Court of Appeals,
Federal Circuit.

May 7, 2002.

Before MAYER, Chief Judge, BRYSON and PROST, Circuit Judges.

ON PETITION FOR PERMISSION
TO APPEAL

BRYSON, Circuit Judge.

ORDER

Omniglow Corporation petitions for permission to appeal the order certified by the United States District Court for the District of Massachusetts as one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b), (c)(1). Unique Industries, Inc. consents.

Omniglow argues, in effect, that the district court's ruling that the prosecution history bars Omniglow from claiming that Unique's use of certain compounds infringes claim 1 of Omniglow's patent under the doctrine of equivalents establishes a per se rule of law that is erroneous. We are not persuaded on the papers here that the district court has created a new rule rather than applying the law to the facts of this particular case. Additionally, it appears that, based on the district court's ruling, the case will be decided in the district court sooner rather than later. Thus, Omniglow's arguments in support of its petition are not compelling.

This court determines for itself whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir. 1990). Such a ruling is within this court's complete discretion. *Id.*

Upon consideration thereof,

IT IS ORDERED THAT:

Omniglow's petition for permission to appeal is denied.