**RESEARCH CORPORATION TECH-NOLOGIES, INC. and Bristol–Myers Squibb Company, Plaintiffs–Respondents,**

v.

**PHARMACHEMIE, B.V., Defendant–Petitioner.**

No. 712.

United States Court of Appeals,
Federal Circuit.

Oct. 2, 2002.

Before MICHEL, CLEVENGER, and PROST, Circuit Judges.

ON PETITION FOR PERMISSION TO APPEAL

PROST, Circuit Judge.

ORDER

Pharmachemie, B.V. petitions for permission to appeal the order certified by the

United States District Court for the District of New Jersey as one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b), (c)(1). Research Corporation Technologies, Inc. and Bristol–Myers Squibb Company do not oppose. Pharmachemie moves for expedited briefing.

The district court stated that the controlling question of law was:

Did the District Court err in holding that 35 U.S.C. § 121 applies in this case to bar the use of the earlier-issued '707 patent as a reference against the later-issued '927 patent-in-suit, based upon the following legal rulings:

(1) The divisional application was filed "as a result of" the first restriction requirement, within the meaning of Section 121;

(2) The PTO did not explicitly or implicitly withdraw the first restriction requirement by imposing the later restriction requirement, and therefore the first restriction requirement continued to apply to the divisional application for purposes of invoking Section 121; and

(3) The claims of the earlier-issued patent and the claims of the later-issued patent are fully consonant with the first restriction requirement? *

Pharmachemie argues that this case presents an opportunity for this court to explain how § 121 should be interpreted in the situation where a continuation application, not a divisional application, is filed following a restriction requirement in the parent application and a new and different restriction requirement is imposed in the continuation application from which the relevant divisional application is filed.

This court determines for itself whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir. 1990). Such a ruling is within this court's complete discretion. *Id.* In this case, we determine that granting the petition is not warranted. Despite Pharmachemie's assertions that new and important legal principles are at stake, our review shows that the legal issues here are tightly connected to the unique facts of the case. Because any legal ruling might not have broad applicability to other cases, we deem interlocutory review unwarranted. In our discretion, the petition is denied.

Accordingly,

IT IS ORDERED THAT:

(1) Pharmachemie's petition for permission to appeal is denied.

(2) Pharmachemie's motion for expedited briefing is moot.

---

* Section 121 provides in pertinent part:

> If two or more independent and distinct inventions are claimed in one application, the [PTO] may require the application to be restricted to one of the inventions. If the other invention is made the subject of a divisional application which complies with the requirements of section 120 of this title it shall be entitled to the benefit of the filing date of the original application. A patent issuing on an application with respect to which a requirement for restriction under this section has been made, or on an application filed as a result of such a requirement, shall not be used as a reference either in the [PTO] or in the courts against a divisional application or any patent issued on either of them, if the divisional application is filed before issuance of the patent on the other application.