**KIMCO REALTY CORPORATION and Centereach Mall Associates, L.P., Plaintiffs–Petitioners,**

v.

**UNITED STATES, Defendant–Respondent.**

No. 710.

United States Court of Appeals, Federal Circuit.

Oct. 2, 2002.

Before MICHEL, CLEVENGER, and PROST, Circuit Judges.

## ON PETITION FOR PERMISSION TO APPEAL

PROST, Circuit Judge.

### ORDER

Kimco Realty Corporation and Centereach Mall Associates, L.P. (Kimco) petition for permission to appeal an order certified for immediate appeal by the Court of Federal Claims. The United States has not responded.

Kimco sued the United States for recovery of certain common area maintenance charges pursuant to a lease and for certain tax payments. The United States counterclaimed for reimbursement of certain taxes paid to plaintiffs. The Court of Federal Claims decided the issues primarily in the United States' favor. The Court of Federal Claims directed the parties to file a stipulation regarding damages, which apparently the parties were unable to do.

Kimco's previous attempts to appeal the Court of Federal Claims decision were dismissed by this court on June 27, 2002 as premature because there was no entry of final judgment. Thereafter, Kimco sought and obtained a certification, pursuant to 28 U.S.C. § 1292(d)(2), that the order involved controlling questions of law and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The trial court stated that the controlling questions of law were:

1. Whether this Court correctly applied applicable law in determining the extent to which the Postal Service is responsible for "Common Area Maintenance Charges" under the subject lease, and

2. Whether this Court correctly applied applicable law in determining that the Postal Service is not responsible for a share of property taxes under the subject lease.

This court must exercise its own discretion whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir.1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting the petition is not appropriate.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.