**ORLEANS INTERNATIONAL, INC., Plaintiff–Petitioner,**

v.

**UNITED STATES, Defendant–Respondent.**

No. 714.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 2, 2002.

Before MICHEL, CLEVENGER, and PROST, Circuit Judges.

## ORDER

PROST, Circuit Judge.

Orleans International, Inc. petitions for permission to appeal the order certified by the Court of International Trade as one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(d)(1). The United States consents.

Orleans initiated an action in the Court of International Trade seeking refunds of the beef fee assessments paid on its imports on the ground that the assessments violated the first and fifth amendments of the Constitution. The United States moved to dismiss. The trial court concluded that, although it might appear that it had jurisdiction because the case involved a fee payable upon importation, Congress vested jurisdiction of these kinds of actions in the district courts. The trial court held Orleans' motion to transfer in abeyance and certified its order for immediate interlocutory review to this court.

The Court of International Trade stated that the controlling question of law was:

Whether the Court was correct in determining that the United States Court of International Trade does not possess subject matter jurisdiction pursuant to 28 U.S.C. § 1581(i) over plaintiff's constitutional challenge to the beef assessments applied to plaintiff's imports of beef and beef products pursuant to the Beef Promotion and Research Act of 1985, 7 U.S.C. § 2901–11.

Orleans states that the issue is one of first impression involving statutory interpretation and that denial of its petition will result in time-consuming litigation over which court has jurisdiction.

This court determines for itself whether to grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed.Cir. 1990). Such a ruling is within this court's complete discretion. *Id.* In this case, we conclude that granting the petition is warranted.

Accordingly,

IT IS ORDERED THAT:

Orleans' petition for permission to appeal is granted.