**John DOE, on behalf of himself and all others similarly situated, Plaintiffs–Respondents,**

v.

**UNITED STATES, Defendant–Petitioner.**

No. MISC 728.

United States Court of Appeals, Federal Circuit.

DECIDED: April 2, 2003.

Before MAYER, Chief Judge, LINN and PROST, Circuit Judges.

*ORDER*

LINN, Circuit Judge.

The United States petitions for permission to appeal the order certified by the Court of Federal Claims as one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(d)(2). John Doe et al. respond.

The Court of Federal Claims concluded that the United States is liable to the plaintiff class, composed of more than 9,000 Department of Justice (DOJ) attorneys, for overtime compensation under the Federal Employees Pay Act (FEPA), 5 U.S.C. §§ 5542, 5543, and 5545(c)(2). Pursuant to FEPA, employees are entitled to overtime pay for work that is "officially ordered or approved," 5 U.S.C. §§ 5542, 5543. The Court of Federal Claims ruled that overtime may be deemed officially ordered and approved absent written order or approval from an authorized official based on equitable considerations. The trial court found that FEPA "encompasses the members of this [plaintiff] Class in the circumstances presented," and granted the plaintiffs' summary judgment motion on liability.

The United States argues that there are substantial differences of opinion concern-

ing the question of "whether extra hours of work can be deemed 'officially ordered or approved' [for purposes of overtime compensation under FEPA] without their having been specifically ordered or approved in writing by an official having authority to do so." The United States contends that resolution of the applicability of FEPA in this situation will materially advance the case because "if the decision of the Court of Federal Claims is incorrect, class members will not be entitled to any relief, and the action will be terminated." The plaintiffs agree that this is an "exceptional case" and "defer to this Court as to whether these exceptional circumstances justify immediate review."

This court determines for itself whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed.Cir. 1990). Such a ruling is within this court's complete discretion. *Id.* We note that a damages trial would necessarily be complex and time-consuming for both sides and the trial court. Thus, deciding the liability issue now serves the interests of all involved.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is granted.