**ARLAINE & GINA ROCKEY, INC., Plaintiff–Petitioner,**

v.

**CORDIS CORPORATION, Defendant–Respondent.**

**No. MISC 727.**

United States Court of Appeals, Federal Circuit.

DECIDED: May 21, 2003.

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

*ORDER*

BRYSON, Circuit Judge.

Arlaine & Gina Rockey, Inc. (AGR) petitions for permission to appeal the order certified by the United States District Court for the Southern District of Florida as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance

the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b), (c)(1). No opposition has been filed.

AGR sued Cordis Corporation in a Florida state court. AGR's complaint sought damages for breach of a license agreement, for breach of the "duty to commercially exploit," and for breach of the duty of good faith and fair dealing. Cordis removed the case to the district court. AGR moved to remand the case to the Florida state court. It appears that the parties agreed that the first count, concerning breach of the license agreement, arose under the patent laws, such that a federal district court would have jurisdiction over that count. The district court concluded that because one of the counts for relief arose under the patent laws, it had jurisdiction over the case, presumably under the supplemental jurisdiction statute. *See* 28 U.S.C. § 1367; *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1206 (Fed.Cir.2003). The district court certified its order that denied AGR's motion to remand for permissive interlocutory review pursuant to 28 U.S.C. § 1292(b), (c)(1).

This court must exercise its own discretion in deciding whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed.Cir.1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting the petition in these circumstances is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.