**In re CONVERTIBLE ROWING EXERCISER PATENT LITIGATION.**

**Miscellaneous No. 268.**

United States Court of Appeals, Federal Circuit.

May 11, 1990.

Suggestion for Rehearing In Banc Declined May 14, 1990.

Alan I. Cantor and Harold J. Birch, Banner, Birch, McKie & Beckett, of Washington, D.C., and Bruce M. Stargatt and Richard Morse, Young, Conaway, Stargatt & Taylor, of Wilmington, Del., represented the plaintiffs and respondents.

Melvin F. Jager and Richard A. Kaplan, William Brinks Olds Hofer Gilson & Lione, of Chicago, Ill., represented defendant Ajay Enterprises Corp.

Thomas J. Rossa, Trask, Britt & Rossa, of Salt Lake City, Utah, represented defendant Weslo, Inc.

Lyn M. Schlitt and James A. Toupin, Office of General Counsel, U.S. International Trade Commission, of Washington, D.C., represented the U.S. International Trade Commission.

PETITION FOR REHEARING

Before ARCHER, Circuit Judge, BALDWIN and BENNETT, Senior Circuit Judges.

ARCHER, Circuit Judge.

ORDER

Ajay Enterprises Corporation, et al. (Ajay) has petitioned for rehearing and suggested *in banc* consideration[1] of the court's April 4, 1990 order denying their petition for permission to appeal pursuant to 28 U.S.C. § 1292(b), (c).

Ajay's petition for rehearing is frivolous. First, as the legislative history of 28 U.S.C. § 1292(b) makes clear:

> The granting of the appeal is also discretionary with the court of appeals which may refuse to entertain such an appeal in much the same manner that the Supreme Court today refuses to entertain applications for writs of certiorari.
>
> It should be made clear that if application for an appeal from an interlocutory order is filed with the court of appeals, the court of appeals may deny such application without specifying the grounds upon which such a denial is based. It could be based upon a view that the question involved was not a controlling issue. It could be denied on the basis that the docket of the circuit court of appeals was such that the appeal could not be entertained for too long a period of time. But, whatever the reason, the ultimate determination concerning the right of appeal is within the discretion of the appropriate circuit court of appeals.

S.Rep. No. 2434, 85th Cong. 2d Sess. 3, 4, *reprinted in* 1958 U.S.Code Cong. & Admin.News 5255.

Further, this court has on four occasions considered the question of law involved in

---

1. Only the petition for rehearing is before this panel.

Ajay's petition.[2] *See Texas Instruments, Inc. v. U.S. Int'l Trade Comm'n,* 851 F.2d 342, 7 USPQ 2d 1509 (Fed.Cir.1988); *Tandon Corp. v. U.S. Int'l Trade Comm'n,* 831 F.2d 1017, 4 USPQ 2d 1283 (Fed.Cir. 1987); *Lannom Mfg. Co., Inc. v. U.S. Int'l Trade Comm'n,* 799 F.2d 1572, 231 USPQ 32 (Fed.Cir.1986); *Corning Glass Works v. U.S. Int'l Trade Comm'n,* 799 F.2d 1559, 230 USPQ 822 (Fed.Cir.1986). Moreover, these decisions were referred to and discussed by Diversified Products Corp. in its

thorough and well-written opposition to Ajay's petition for permission to appeal.

Accordingly,

IT IS ORDERED THAT:

Ajay's petition for rehearing is denied.

---

**2.** The question of law as set forth by the United States District Court for the District of Delaware is:

> whether the determination of the ITC invalidating the '071 patent, affirmed by the Court of Appeals for the Federal Circuit ("Federal Circuit"), made relative to a determination that no violation of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337 (1982)) occurred, should be given preclusive effect in this Court despite the grant of original jurisdiction over patent matters placed in the District Courts under 28 U.S.C. § 1338 (1982).