991 F.2d 811
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IOWA STATE UNIVERSITY RESEARCH FOUNDATION, INC., Plaintiff-Respondent,
v.
MURATA MACHINERY, LTD., Defendant-Petitioner,
and
Murata Business Systems, Inc., Defendant.
 Misc. No. 365.
 United States Court of Appeals, Federal Circuit.
 March 22, 1993.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 Murata Machinery, Ltd. petitions for permission to appeal the January 12, 1993 order of the United States District Court for the Southern District of Iowa certified for immediate appeal pursuant to 28 U.S.C. § 1292(b), (c)(1). Iowa State University Research Foundation, Inc. opposes.
 
 
 2
 This matter stems from Iowa State's patent infringement suit against Murata Machinery, a Japanese corporation with its principal place of business in Kyoto, Japan, and Murata Business Systems, Inc., Murata Machinery's wholly owned United States subsidiary. Murata Machinery moved to dismiss for lack of personal jurisdiction.
 
 
 3
 Despite a lack of contacts between Murata Machinery and Iowa, the district court denied Murata Machinery's motion to dismiss, concluding that personal jurisdiction was proper under the stream of commerce theory:
 
 
 4
 Murata Machinery did not simply manufacture and sell products in Japan to independent exporters with the expectation that its products would find markets in the United States. Instead, it created and maintains full ownership of Murata Business for the express purpose of selling its products throughout the United States, which by definition includes Iowa. Murata Machinery should reasonably anticipate, from this type of purposeful commercial contact with Iowa, being hailed into court in Iowa if its products infringe plaintiff's patents. Requiring Murata Machinery to answer plaintiff's complaint in this court does not offend traditional notions of fair play and substantial justice. The five Eighth Circuit factors weigh in favor of exercising personal jurisdiction over Murata Machinery. Were I to write more rationale for this ruling, I would merely be restating and rephrasing what Judge Johnson said in Loral,* reasoning which I adopt.
 
 
 5
 The district court, sua sponte, certified the order for immediate appeal.
 
 
 6
 Pursuant to 28 U.S.C. § 1292(b), (c)(1), this court may, in its discretion, permit an appeal to be taken from a district court order that involves a controlling question of law as to which there is substantial ground for difference of opinion and when an immediate appeal may materially advance the ultimate termination of the litigation.
 
 
 7
 Murata Machinery argues that a substantial ground for difference of opinion exists concerning whether the creation by a foreign corporation of a wholly owned United States subsidiary may serve as the basis for finding personal jurisdiction under a stream of commerce theory. Murata Machinery relies on a Supreme Court case, Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102 (1987) ("But a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state"), and various Eighth Circuit and district court cases. See e.g. Soo Line Railroad Co. v. Hawker Siddeley Canada, Inc., 950 F.2d 526 (8th Cir.1991); Wines v. Lake Havasu Boat Mfg., Inc., 846 F.2d 40 (8th Cir.1988); Loral Fairchild Corp. v. Victor Co. of Japan Ltd., 803 F.Supp. 626 (E.D.N.Y.1992); Adolf v. A.P.I., Inc., et al., 726 F.Supp. 764 (D.N.D.1989). Murata Machinery also points out that an immediate appeal will materially advance the termination of the litigation because if Murata Machinery's view of the law is correct, then Murata Machinery would no longer be a party to the Iowa action.
 
 
 8
 In response, Iowa State argues that the language Murata Machinery refers to in Asahi is immaterial because Murata Machinery "did much more than merely place the product into a stream of commerce--Murata [Machinery] created the stream of commerce with the purposeful intent to sell its infringing product in all 50 States." Further, Iowa State argues that although an immediate appeal may avoid a trial between Murata Machinery and itself, a trial involving Murata Business will still be necessary.
 
 
 9
 This court must make its own determination whether it will accept an interlocutory appeal pursuant to § 1292(b), (c)(1). In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). Such a ruling is within this court's complete discretion. Id. While Murata Machinery's view of the unsettled state of the law may be correct, we point out that the controlling question of law regarding the metes and bounds of jurisdiction is an issue not unique to patent law. Rather, we are being asked to decide what the law of the Eighth Circuit would be. See Atari, Inc. v. J.S. & A Group, Inc., 747 F.2d 1422, 1439 (Fed.Cir.1984). It is true that we may be reviewing this issue later in the course of a normal appeal. However, reviewing the issue in that context and deciding, in our discretion, to review it on an interlocutory basis are different matters. Intervening events may clarify the law of the Eighth Circuit or there may never be a later appeal. Finally, as Iowa State points out, whether or not we accept this appeal, the litigation between Iowa State and Murata Business will continue.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 Murata Machinery's petition for permission to appeal is denied.
 
 
 
 *
 In Loral Fairchild Corp. v. Victor Co. of Japan Ltd., 803 F.Supp. 626 (E.D.N.Y.1992), the district court, in the context of an infringement action, considered whether the forum state of Virginia could exercise personal jurisdiction over the same corporation involved in this action, Murata Machinery. The district court concluded that it could exercise jurisdiction under the stream of commerce theory