9 F.3d 977
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PITTWAY CORPORATION, Plaintiff-Respondent,
v.
FYRNETICS, INC., Defendant-Petitioner.
 Misc. No. 380.
 United States Court of Appeals, Federal Circuit.
 July 30, 1993.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Fyrnetics, Inc. petitions for permission to appeal the order certified by the United States District Court for the Northern District of Illinois as an order involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. Sec. 1292(b), (c). Pittway Corporation opposes.
 
 BACKGROUND
 
 2
 This matter stems from a patent infringement suit brought by Pittway against Fyrnetics. One of the issues before the district court is whether the best mode disclosure requirement of 35 U.S.C. Sec. 112 has been satisfied. Specifically, Fyrnetics presented the deposition testimony of one of the two inventors that the mode that he believed was the best mode was not disclosed in the patent. Pittway presented an affidavit by the other inventor that the best mode was disclosed.
 
 
 3
 Fyrnetics moved for summary judgment of invalidity based on the failure to disclose the best mode. The magistrate recommended denial of the motion. The district court thereafter adopted the magistrate's report and recommendation that summary judgment be denied. Relying on two district court orders, Union Carbide Corp. v. Dow Chemical, 213 USPQ 128 (S.D.Texas 1981), aff'd, 682 F.2d 1136 (5th Cir.1982) and an order denying summary judgment in a related case involving the same patent and the same issue, the district court held that joint inventors as an entity determine the best mode: "Sec. 112 requires one best mode per invention, not one per inventor." The district court added that "[i]n cases where an irreconcilable controversy between inventors does exist, it may well be necessary that both 'best modes' be disclosed ... however that question need not be reached here" because "neither party has presented evidence showing that an actual controversy existed between [the two inventors] before the patent application was filed" and that "it is unclear as to whether the two inventors agreed on a best mode for the purposes of patent disclosure." The district court thus concluded that "a genuine issue of fact exists as to which design the 'inventorship entity' considered [the] best mode for carrying out the invention." On June 24, 1993, the district court certified the order denying summary judgment for interlocutory appeal.*
 
 
 4
 Meanwhile, the Patent and Trademark Office (PTO) instituted reexamination of Pittway's patent. On the same day that the district court certified the order for interlocutory appeal, the district court stayed further proceedings pending the reexamination proceedings.
 
 DISCUSSION
 
 5
 This court makes its own determination whether it will accept an interlocutory appeal pursuant to Sec. 1292(b), (c). See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). Such a ruling is within this court's complete discretion. Id.
 
 
 6
 At the outset, we note that the district court stayed its proceedings pending reexamination. The reason for the stay, i.e., that reexamination may render further district court proceedings unnecessary, is equally applicable to an appeal at this court. Under such circumstances, an exercise of our discretionary authority is not warranted. Further, Sec. 1292(b), (c) contemplates review of pure questions of law, not review of denials of summary judgment if material facts may be in dispute. For proper certification, it is necessary "that the order involve a clear-cut question of law against a background of determined and immutable facts." 9 James W. Moore et al., Moore's Federal Practice p 110.22 (2d ed. 1993).
 
 
 7
 Accordingly, we decline to exercise our discretionary jurisdiction in this case.
 
 IT IS ORDERED THAT:
 
 8
 Fyrnetics' petition for permission to appeal is denied.
 
 
 
 *
 The district court did not specifically identify the controlling question of law in its order certifying the April 30, 1993 order for interlocutory appeal. Fyrnetics states that the controlling question should be:
 If, at the time their patent application was filed, one of two co-inventors considers one mode of carrying out the patented invention to be best and the other co-inventor considers a different mode to be best, then does failure to disclose one co-inventor's best mode violate the best mode disclosure requirement of 35 U.S.C. Sec. 112?