64 F.3d 671
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WAHPETON CANVAS CO., South Dakota, Inc. and Primewood, Inc.,
Plaintiffs-Respondents,
v.
Donald BREMER, an individual doing business as Sioux City
Tarp Manufacturing and Canvas Repair, Defendant-Petitioner.
 Misc. No. 433.
 United States Court of Appeals, Federal Circuit.
 June 30, 1995.
 
 N.D. Iowa
 PETITION DENIED.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 Donald Bremer, an individual doing business as Sioux City Tarp Manufacturing and Canvas Repair, petitions for permission to appeal an order certified by the United States District Court for the Northern District of Iowa as involving a controlling question of law as to which there is a substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. Sec. 1292(b), (c)(1). Wahpeton Canvas Co., South Dakota, Inc. and Primewood, Inc. oppose the petition.
 
 BACKGROUND
 
 2
 This matter stems from a patent infringement suit brought by Wahpeton and Primewood against Bremer. The patent pertains to a roll-up tarp for trailers. Bremer moved for partial summary judgment on four separate issues, two of which are at issue here. First, Bremer argued that replacement of less than all of the parts of a roll-up tarp unit constituted legally permissible repair, not impermissible reconstruction. Second, he argued that claims 14 through 32 of the patent were invalid because of a defective reissue oath.
 
 
 3
 The district court denied Bremer's motions. With regard to the repair/reconstruction issue, the district court declined to set forth a bright line rule as advocated by Bremer that replacement of less than all of the parts of a roll-up tarp constitutes permissible repair. The district court noted that this court has avoided laying down a bright line rule and has ordered that the issue be decided in light of all of the facts and circumstances presented. FMC Corp. v. Up-Right, Inc., 21 F.3d 1073, 1079 (Fed.Cir.1994). Further, the district court found that the underlying facts regarding what Bremer had offered for sale or whether Bremer had converted roll-up systems into infringing units were in dispute. With regard to the reissue oath question, the district court denied summary judgment because "there is no evidence of intent to deceive and the reissue oath was sufficiently detailed." Thereafter, the district court, "while not free from doubt," granted Bremer's motion for certification pursuant to 28 U.S.C. Sec. 1292(b) and (c)(1). Bremer petitions this court for permission to appeal.
 
 DISCUSSION
 
 4
 The district court did not set forth specific controlling questions of law. Bremer characterizes the questions as the following:
 
 
 5
 1) Whether replacement of less than all of the unpatented parts (namely latch plate) of the patented roll-up tarp unit at any given time constitutes legally permissible repair and not impermissible reconstruction.
 
 
 6
 2) Whether claims 14-32 of the patent-in-suit are invalid due to a defective reissue oath.
 
 
 7
 This court must make its own determination whether it will accept an interlocutory appeal pursuant to Sec. 1292(b) and (c)(1). See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). Such a ruling is within this court's complete discretion. Id. It is necessary that a certified order "involve a clear-cut question of law against a background of determined and immutable facts." 9 James W. Moore et al., Moore's Federal Practice p 110.22 (2d ed. 1992).
 
 
 8
 The certified order here concerns the law as applied to the specific facts of this case. With regard to the repair/reconstruction issue, the facts have yet to be developed. The reissue oath issue is centered on the facts of this case. Thus, this question does not appear to be of general interest and would not be applicable to a wide range of cases. Given the limited applicability of the issues and their connection with the facts of this case, we do not consider this order appropriate for immediate review and we decline to exercise our discretionary jurisdiction in this case.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 Bremer's petition for permission to appeal is denied.