104 F.3d 375
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MAGNACOUSTICS, INC., Plaintiff-Respondent,
v.
RESONANCE TECHNOLOGY CO., Mokhtar Ziarati, and Susana
Ziarati, Defendants-Petitioners.
 Misc. No. 468.
 United States Court of Appeals, Federal Circuit.
 Nov. 26, 1996.
 
 E.D.N.Y.
 APPEAL GRANTED.
 Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.
 ON PETITION FOR PERMISSION TO APPEAL
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 Resonance Technology Co., Mokhtar Ziarati, and Susana Ziarati (collectively Resonance) petition for permission to appeal an order certified by the United States District Court for the Eastern District of New York as involving a controlling question of law as to which there is a substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b), (c)(1). Magnacoustics, Inc. opposes.
 
 
 2
 This case concerns the venue of Magnacoustics' patent infringement action. The action was originally brought in the New York district court. In 1992, the parties stipulated to the transfer of the action to the United States District Court for the Central District of California. In 1994, a trial was conducted with respect to liability and damages for Magnacoustics' claims. The jury found that the patent was invalid and had not been willfully infringed by Resonance. The jury did not consider liability and damages arising from Resonance's counterclaims or Resonance's affirmative defense of inequitable conduct. On March 22, 1995, the California district court sua sponte ordered the re-transfer of the action to the New York district court. The parties presented the issue of transfer for consideration by the New York district court. The New York district court issued an order certifying for appeal, pursuant to 28 U.S.C. § 1292(b), (c)(1), the question of proper venue for the remaining phases of trial. In that order, the district court stated:
 
 
 3
 This court declines to engage in an unseemly intercontinental transfer by ordering the action returned to the Central District of California. In the Court's view, a final resolution of this venue dispute is properly determined by the Court of Appeals. Having reviewed the written submissions of the parties, having heard their respective positions at a telephone conference on June 4, 1996, it is the opinion of this Court that the March 22, 1995 Order of the Hon. J. Spencer Letts, transferring this action from the Central District of California to the Eastern District of New York "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."
 
 
 4
 The district court did not set forth a specific controlling question of law. Resonance characterizes the questions:
 
 
 5
 1. Whether the California District Court abused its discretion, and failed to act in the interests of justice as required by 28 U.S.C. § 1404(a), in retransferring, sua sponte, this action to the New York District Court in the middle of a multi-phase (quadrifurcated) trial, following six weeks of extensive testimony before it and a jury:
 
 
 6
 a) after the jury reached several special verdicts in the first phase of trial (which addressed the liability issues raised by Respondent's Amended Complaint for patent infringement);
 
 
 7
 b) prior to the hearing of Respondent's anticipated post-trial motions for judgment as a matter of law, and/or motion for new trial relating to the first phase of trial; and
 
 
 8
 c) prior to the commencement of the remaining phases of trial (including Petitioners' counterclaims)?
 
 
 9
 2. Whether the California District Court abused its discretion in retransferring this action to the New York District Court when the matter was not ever properly venued as to the individual Petitioners Mr. Ziarati and Ms. Ziarati?
 
 
 10
 3. Whether a Defendant partnership's residence for purposes of determining the proper venue of a patent infringement action pursuant to 28 U.S.C. § 1400(b) should be determined by reference to 28 U.S.C. § 1391(c)?
 
 
 11
 In response, Magnacoustics argues that Resonance's petition was procedurally defective* and that, in any event, venue is proper in the New York district court.
 
 
 12
 This court must make its own determination whether it will accept an interlocutory appeal pursuant to § 1292(b) and (c)(1). See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). Such a ruling is within this court's complete discretion. Id. We first consider an issue that has not been addressed by either party, i.e., whether the New York district court may purport to certify an order issued by the California district court. The New York district court states that the order certified is "the March 22, 1995 Order of the Hon. J. Spencer Letts, transferring this action from the Central District of California to the Eastern District of New York." However, in its consideration of the matter, the New York district court essentially declined to retransfer the case to California. As a threshold matter, we determine that the New York district court intended to incorporate the California district court's transfer order into its own order for purposes of review. With respect to the merits of the petition, we conclude that the questions presented meet the statutory criteria and that permissive appeal is warranted. In particular, we note that the district court asked that we review the transfer issue rather than continuing the intercontinental transfers.
 
 
 13
 Accordingly,
 
 IT IS ORDERED THAT:
 
 14
 Resonance's petition for permission to appeal is granted.
 
 
 
 *
 Resonance has submitted two petitions for permission to appeal. After this court questioned the timeliness of the first petition, Resonance requested that the district court recertify the order so that Resonance could file a second, timely petition for permission to appeal. Magnacoustics argues that the second petition was deficient. However, Resonance submitted both a copy of the district court's order granting recertification and a document requesting "this Court to immediately hear the Petition for Permission to Appeal the issue of proper venue originally filed in this Court on July 21, 1996. 28 U.S.C. § 1292(b)." That document was sufficient to constitute a timely petition for permission to appeal from the district court's order granting recertification