## LINEAR TECHNOLOGY CORPORATION,
Plaintiff/Counterclaimant–Petitioner,

v.

## IMPALA LINEAR CORPORATION
and Toyoda Automatic Loom Works, Ltd., Defendants,

and

Analog Devices, Inc., Defendant– Petitioner,

and

Maxim Integrated Products, Inc., Defendant–Respondent,

and

Unitrode Corporation, Defendant– Respondent,

and

Ronald Vinsant, Counterclaim Defendant.

Linear Technology Corporation, Plaintiff/Counterclaimant– Appellant,

v.

Impala Linear Corporation and Toyoda Automatic Loom Works, Ltd., Defendants,

and

Analog Devices, Inc., Defendant,

and

Maxim Integrated Products, Inc., Defendant–Cross Appellant,

and

Unitrode Corporation, Defendant– Cross Appellant,

and

Ronald Vinsant, Counterclaim Defendant–Appellee.

Nos. 02–1068, 02–1069, 02– 1118, 02–1119, 687.

United States Court of Appeals, Federal Circuit.

Feb. 15, 2002.

Before RADER, SCHALL, and GAJARSA, Circuit Judges.

### ORDER

RADER, Circuit Judge.

Linear Technology Corporation and Analog Devices, Incorporated petition for permission to appeal the order certified by the United States District Court for the Northern District of California as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b), (c)(1). Unitrode Corporation and Maxim Integrated Products, Inc. oppose.

Linear Technology sued Impala Linear Corporation et al. for infringement of its patent, related to circuits and methods for controlling circuits in synchronously switched voltage regulators. The defendants filed various counterclaims and Linear Technology also filed additional claims. Following the district court's June 9, 1999 claim construction order, the parties filed various motions, including 21 motions for summary judgment. The district court, inter alia, (1) granted Unitrode's motion for summary judgment that Unitrode did not directly infringe the asserted current reversal method claims; (2) granted Unitrode's motion for summary judgment of no inducement to infringe the asserted current reversal claims on some products and denied, because of disputed factual questions, Unitrode's motion regarding another product; (3) granted Unitrode's motion for summary judgment that Unitrode did not infringe the asserted current reversal apparatus claims; (4) granted Maxim's motion for summary judgment of noninfringement regarding the asserted method claims or the asserted apparatus claims; (5) denied Linear Technology's motion for summary judgment of infringement of the asserted method claim by ADI; (6) granted Unitrode's motion for summary judgment of noninfringement of the asserted sleep mode claims; (7) granted Maxim's motion for summary judgment of noninfringement of the asserted sleep mode claims; (8) granted Linear Technology's motion for summary judgment that Ronald Vinsant did not invent any claim of the patent; (9) denied Linear Technology's motion for summary judgment that if ADI infringes, such infringement is willful,

due to disputed factual questions; (10) denied Maxim's motion regarding unenforceability and reserving the issues for trial; (11) denied in part (reserved for trial) and granted in part Linear Technology's motion for summary judgment regarding inequitable conduct; (12) granted motions for summary judgment that there was no breach of contract by Vinsant and no unjust enrichment; (13) granted Maxim's motion for summary judgment that Maxim did not intentionally interfere with contractual relations; (14) granted a motion for summary judgment that Maxim and Vinsant did not engage in unfair competition. The district court also revisited certain claim construction issues. The district court stated that, as a result of its order, Maxim did not infringe and thus Maxim's motions for summary judgment of invalidity were moot. However, as to Unitrode, because one claim of induced infringement remained, invalidity would be decided later. Claims against Impala Linear Corporation and Toyoda Automatic Works, Ltd. were previously dismissed by consent and stipulation.

Thereafter, so that any untried issues would not prevent issuance of a judgment that could be appealed to this court, Linear Technology and Unitrode stipulated that Linear Technology's claim of induced infringement by Unitrode was dismissed without prejudice. The district court then issued an order, pursuant to Fed. R.Civ.P. 54(b), that entered final judgment as to Linear Technology's claims for infringement by Unitrode and Unitrode's counterclaim for a declaratory judgment of noninfringement, and any claims regarding Vinsant's inventorship and the related state law claims. The district court issued a similar order, pursuant to Fed. R.Civ.P. 54(b), regarding Maxim. However, because Analog Devices did not move for summary judgment regarding noninfringement, no Rule 54(b) judgment could be entered for that defendant.

Recognizing that any review in this court of the Rule 54(b) judgments would likely include review of its claim construction order, and that Analog Devices might be unable to argue regarding any issues in that claim construction order, the district court entered an order certifying for permissive appeal the pertinent claim construction issues. Analog Devices and Linear Technology have petitioned for permission to appeal that order, in order to obtain review of any claim construction determinations that were adverse to them.

■ Suffice it to say that this case is a procedural morass. Although the district court is certainly given discretion to fashion its proceedings in a manner that will prove beneficial to that court, we are not convinced that the petition for permission to appeal is appropriate. To permit Analog to argue about a claim construction order that has not been applied to its products is to decide, in the circumstances of this case, possible unnecessary or hypothetical issues. The parties do not argue, for example, that claim construction determined one way or another will definitely decide the case regarding Analog—instead, they state that such claim construction would "be important to LTC's claim of infringement against ADI, and any other proceedings that remain before the District Court." Additionally, the parties have not convinced us that granting the petition for permission to appeal, in the words of the statute, "may materially advance the ultimate termination of the litigation." Thus, we exercise our complete discretion and deny the petition for permission to appeal. *See In re Convertible Rowing Exerciser Patent Litig.*, 903 F.2d 822 (Fed.Cir.1990).

■ We now turn to the issue whether the Rule 54(b) judgments were properly

entered. We conclude that they were not. Rule 54(b) allows a district court to enter judgments in a multi-claim or multi-party action when the district court determines that there is "no just reason for delay" in the entry of judgment against one of the parties or regarding one of the claims, and that determination is reviewed by this court for an abuse of discretion.

■ "The separateness of the claims for relief ... is a matter to be taken into account in reviewing the trial court's exercise of discretion in determining that there is no just reason to delay the appeal." *W.L. Gore & Assocs., Inc. v. Int'l Medical Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed.Cir.1992) (citing *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). In *Curtiss–Wright,* the Supreme Court stated that a district should consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss–Wright,* 446 U.S. at 8, 100 S.Ct. 1460. In the present case, it is reasonably certain, following the appeals filed by Linear Technology, Maxim, and Unitrode, that this court would be asked to again decide issues concerning the claim construction order in a subsequent appeal regarding the claims against Analog Devices, and other appealed matters are also intertwined with what remains to be decided in the district court.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for permission to appeal is denied.

(2) The appeals and cross appeals are dismissed due to improper certification pursuant to Fed.R.Civ.P. 54(b).