645

Akira AKAZAWA and Palm Crest,
Inc., Plaintiffs–Respondents,

v.

LINK NEW TECH, INC., Defendant–
Petitioner.

Akira Akazawa and Palm Crest,
Inc., Plaintiffs–Appellees,

v.

Link New Tech, Inc., Defendant–
Appellant.

Misc. No. 777, 05–1116.

United States Court of Appeals,
Federal Circuit.

Dec. 16, 2004.

Before MAYER, Chief Judge, LOURIE
and LINN, Circuit Judges.

ON PETITION FOR PERMISSION
TO APPEAL

LINN, Circuit Judge.

*ORDER*

Link New Tech, Inc. (Link) petitions for permission to appeal the order certified by the United States District Court for the Central District of California as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b), (c)(1). Akira Akazawa and Palm Crest, Inc. (Akazawa) oppose. We consider, sua sponte, whether the notice of appeal filed by Link, 05–1116, should be dismissed for lack of jurisdiction.

■ In Miscellaneous 777, Link seeks permission to appeal an order that disqualified its law firm, Cislo & Thomas LLP. The issue involves the application of apparently unsettled California and Ninth Circuit law.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed.Cir. 1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order").

While the court may in its discretion grant a petition such as this, involving the application of unsettled regional circuit law, we deem the better course is to deny the petition in these circumstances.

 After filing the petition for permission to appeal, Link also filed a notice of appeal, 05–1116. We note that the Supreme Court has held that an order disqualifying counsel is not immediately appealable. *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). Thus, the appeal must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for permission to appeal is denied.

(2) Appeal 05–1116 is dismissed for lack of jurisdiction.

(3) Each side shall bear its own costs.