**MARRIOTT INTERNATIONAL RESORTS, L.P. and Marriott International JBS Corporation, Plaintiffs–Respondents,**

v.

**UNITED STATES, Defendant–Petitioner.**

**No. MISC. 779.**

United States Court of Appeals, Federal Circuit.

Jan. 26, 2005.

Before MICHEL, Chief Judge,
BRYSON and PROST, Circuit Judges.

## ORDER

BRYSON, Circuit Judge.

The United States petitions for permission to appeal an order certified by the Court of Federal Claims as one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(d)(2). Marriott International Resorts, L.P. and Marriott International JBS Corporation (Marriott) opposes.

Marriott sued the United States, challenging tax disallowances. In response to a discovery request for documents relied upon by the Internal Revenue Service in formulating a position concerning the definition of "liability" in Treasury regulations, the United States produced some documents and submitted a log of 339 documents that were withheld or redacted because they were irrelevant or protected by the "deliberative process privilege," asserted by the United States to be a form of executive privilege. In support of the assertion of privilege, the United States provided a declaration by an assistant chief counsel to whom a delegation of authority had been provided by the Commissioner of Internal Revenue. The Court of Federal Claims determined that the documents were relevant and rejected the United States' assertion of privilege because it held that only the head of the relevant agency could assert the privilege. Thereafter, the Court of Federal Claims granted the United States' motion to certify for permissive appeal the order rejecting its assertion of privilege.

The United States asserts that there is a substantial ground for difference of opinion, noting that there is a split among the circuits and within the Court of Federal Claims itself regarding the issue whether only the head of an agency can assert the deliberative process privilege. The United States also asserts that, although disposition of the issue would not dispose of the litigation, a court may grant a petition for permission to appeal if, e.g., review of the issue might simplify the litigation or affect other cases with similar important issues.

Marriott argues that interlocutory review is not advised because review does not, per the statute, 28 U.S.C. § 1292(d)(2), involve a "controlling question of law" and that immediate appeal would not "materially advance the ultimate termination of the litigation."

This court determines for itself whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir. 1990). Such a ruling is within this court's complete discretion. *Id.* In this case, in view of the split among the circuits and within the Court of Federal Claims, we agree with the United States that the circumstances warrant granting the petition.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is granted.