Before MAYER, CLEVENGER, and GAJARSA, Circuit Judges.

CLEVENGER, Circuit Judge.

*ORDER*

Upon consideration of the Secretary of Veterans Affairs' unopposed motion for summary affirmance of the Court of Appeals for Veterans Claims' decision in *Buggs v. Nicholson,* 03–1455, affirming the Board of Veterans' Appeals' denial of Robert L. Buggs' claim to reopen a previously denied claim for service-connection for a knee disability,

IT IS ORDERED THAT:

(1) The motion is granted.

(2) Each side shall bear its own costs.

**VAE NORTRAK NORTH AMERICA, INC. and Vae Gmbh, Plaintiffs–Respondents,**

v.

**PROGRESS RAIL SERVICES CORPORATION, Defendant–Petitioner.**

No. 794.

United States Court of Appeals, Federal Circuit.

Sept. 28, 2005.

Before MAYER, CLEVENGER, and GAJARSA, Circuit Judges.

*ORDER*

CLEVENGER, Circuit Judge.

Progress Rail Services Corporation petitions for permission to appeal the order certified by the United States District Court for the Northern District of Alabama as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b), (c)(1). VAE Nortrak North America, Inc. and VAE GmbH (VAE) oppose. Progress Rail submits a letter of supplemental authority. VAE responds.

VAE sued Progress Rail for infringement of two patents. The district court granted summary judgment of noninfringement of one patent. Regarding the second patent, the district court granted summary judgment of no literal infringement but denied summary judgment of noninfringement under the doctrine of equivalents because of existing issues of material fact. Thereafter, the district court certified for permissive appeal its order denying summary judgment. The district court stated that the controlling issue of law was whether "the presence of a structural claim limitation on one element of the invention provides an arguable basis for a finding of 'equivalency' and therefore creates a potential jury issue."

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed.Cir. 1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting the petition in these circumstances is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.