# United States Court of Appeals for the Federal Circuit

Miscellaneous No.842

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
ABBOTT MOLECULAR INC., and ABBOTT LABORATORIES INC.,

Plaintiffs-Petitioners,

v.

DAKO NORTH AMERICA, INC. and DAKO A/S,

Defendants-Respondents.

Lynn H. Pasahow, Fenwick & West LLP, of Mountain View, California, for plaintiffs-petitioners. Of counsel were Carolyn Chang, C.J. Alice Chuang, Virginia K. DeMarchi, and Heather N. Mewes.

Thomas H. Jenkins, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Washington, DC for defendants-respondents. Of counsel were David C. Hoffman, Tina E. Hulse, Richard J. Smith, and Anthony C. Tridico.

On Petition for Permission to Appeal from United States District Court Northern District of California in 05-CV-03955.

Chief Judge Marilyn Hall Patel

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 842

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
ABBOTT MOLECULAR INC., and ABBOTT LABORATORIES INC.,

Plaintiffs-Petitioners,

v.

DAKO NORTH AMERICA, INC. and DAKO A/S,

Defendants-Respondents.

ON PETITION FOR PERMISSION TO APPEAL

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.

LOURIE, Circuit Judge.

## O R D E R

The Regents of the University of California et al. (the University) petition for permission to appeal an order involving claim construction certified by the United States District Court for the Northern District of California as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b), (c)(1). The University states that Dako North America, Inc. et al. (Dako) consent.

In two cases now on appeal in this court, the University has sought review of the district court's order denying its motion for a preliminary injunction. In that order, the district court considered, inter alia, the parties' arguments concerning claim construction, made its determination, and denied the motion for a preliminary injunction. The University appealed from the denial of the motion, and those appeals are now fully

briefed in this court. Oral argument in the pending appeals was postponed at Dako's request. After those appeals were filed, based on a more complete record, including the prosecution history, the district court revisited some of the claim construction issues that were decided in the pending appeals, and issued an order granting in part and denying in part Dako's motion for summary judgment of noninfringement of the two patents at issue in the pending appeals. The district court certified the order for permissive appeal, and the University petitions for permission to appeal the order.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal an interlocutory order certified by a trial court. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed. Cir. 1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order").

Unlike previous petitions for permission to appeal involving claim construction issues that were denied, here the district court's claim construction is already before this court in the pending appeals regarding the preliminary injunction motion. Any previous concerns that permitting a 1292(b) appeal might lead to premature reviews, followed by a later appeal on the same issue after further proceedings in the district court, hence multiple appeals, are not present here. On the contrary, our consideration of the claim construction in the present case now in conjunction with the already-pending appeals would be an efficient use of judicial resources and would facilitate resolution of all of the claim construction disputes. This is not an ordinary case of claim construction in which, for example, a district court has decided a claim construction issue and one party asserts error. Here, the same district court has revisited the claim construction issue that is before this court. Indeed, were we not to grant the petition, the merits panel in the pending appeals would be reviewing the district court's first order based upon the

Misc. 842                                    - 2 -

limited record before the district court when it considered the motion for a preliminary injunction, even though the district court itself has now revisited the issue based upon a more complete record. Because the matters in the recent order are thus intertwined with the issues in the pending appeals, we determine that granting the petition in these unusual circumstances is warranted.

Accordingly,

IT IS ORDERED THAT:

(1)     The petition for permission to appeal is granted.

(2)     When the present appeal is fully briefed, it will be set for oral argument with the pending appeals, 2006-1334, -1452.

FOR THE COURT

  Feb 14 2007  
        Date

          s/Alan D. Lourie  
           Alan D. Lourie
           Circuit Judge

cc:    Lynn H. Pasahow, Esq.
       Richard J. Smith, Esq.

Misc. 842                                    - 3 -