Elizabeth T. Walker and John Does 1–30, Plaintiffs,

and

Philip W. Morgan, Plaintiff,

and

Raymond Cermak, Sr., Michael Stephens, Jesse Cermak, Denise Henderson, Delores Klingberg, Sally Ella Alkire, Pierre Arnold, Jr., and Gertrude Godoy, Plaintiffs,

and

Lower Sioux Indian Community, Plaintiff,

and

John Does 1–30, Plaintiff,

and

Danny Lee Mozak, Plaintiff,

and

Sheldon Peters WOLFCHILD, Ernie Peters Longwalker, Scott Adolphson, Morris J. Pendleton, Barbara Feezor Buttes, Winifred St. Pierre Feezor,

Francis Elaine Felix, Plaintiff,

and

Deborah L. Saul, Laura Vassar, Lydia Ferris, Daniel M. Trudell, Robert Lee Taylor, and Dawn Henry, Plaintiffs,

and

Winona C. Thomas Enyard, Plaintiff,

and

Dawn Burley, Plaintiff,

and

Vera A. Rooney, Plaintiff,

and

Rocque and Taylor Descendants, Plaintiff,

and

Harley Zephier, Sr., Plaintiff,

and

Mary Beth Lafferty, Anita D. Whipple, Descendants of Lucy H. Trudell, Bonnie Rae Lowe, Descendants of Joseph Graham, and Lenor Ann Scheffler Blaeser, Descendants of John Moose, Plaintiffs,

and

Julia Dumarce, Plaintiff,

and

Raymond Cournoyer, Sr., Jerry Robinette, Sandra Kimbell, Charlene Wanna, and Leslie Lee French, Plaintiffs,

and

John Does 1–433, Plaintiff,

and

Francine Garreau, Plaintiff,

and

Ke Zephier, Plaintiff,

and

Kristine Abrahamson, Plaintiff,

v.

UNITED STATES, Defendant–Petitioner.

Misc. No. 861.

United States Court of Appeals, Federal Circuit.

Dec. 10, 2007.

Elizabeth T. Walker, pro se.

Philip W. Morgan, pro se.

Francis Elaine Felix, pro se.

Before RADER, SCHALL, and PROST, Circuit Judges.

ON PETITION FOR PERMISSION TO APPEAL

SCHALL, Circuit Judge.

### ORDER

The United States petitions for permission to appeal orders certified by the United States Court of Federal Claims as ones involving controlling issues of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. Sheldon Peters Wolfchild et al. (Plaintiffs) oppose. The Shakopee Mdewakanton Sioux Community and Prairie Island Indian Community move for leave to file a brief amicus curiae in support of the United States. The Plaintiffs oppose.

After a Sioux uprising in 1862, Congress terminated the trust status of the Sioux Reservation in Minnesota. At the same time, Congress permitted loyal Mdewakanton Sioux members to remain in Minnesota. Through Appropriations Acts in 1888, 1889, and 1890 (collectively, the "Appropriations Acts"), Congress authorized the Secretary of the Interior to purchase land, cattle, horses, and agriculture for loyal Mdewakanton in such a manner as the Secretary deemed best. Over the years, the Mdewakanton and others formed three federally-recognized Native American tribes, the Shakopee Mdewakanton Sioux Community, the Prairie Island Indian Community, and the Lower Sioux Indian Community (collectively, the "Communities").

In 1980, Congress passed an act requiring all right, title and interest in the United States in lands "which were acquired and are now held by the United States for the use or benefit of certain Mdewakanton Sioux Indians under the [Appropriations Acts], are hereby declared to hereafter be held by the United States ... in trust for the [Communities]." The 1980 Act also contained a savings clause, which stated that the Act would not "(1) alter any rights under contract, lease, or assignment entered into or issued prior to the enactment of this Act or (2) restrict the authorities of the Secretary of the Interior under or with respect to any such contract, lease, or assignment."

In November 2003, the Plaintiffs in this case filed a complaint in the Court of Federal Claims on behalf of themselves and other descendants of the loyal Mdewakanton against the United States, alleging that the Appropriations Acts constitut-ed a trust and that the government breached its fiduciary duties in 1980 and thereafter by transferring assets and allowing non-descendants to receive profits from the land. The United States moved to dismiss the complaint for lack of jurisdiction, asserting that the Appropriations Acts did not create money-mandating fiduciary duties, and even if they did, equitable title transferred to the Communities. The Plaintiffs filed a cross-motion for partial summary judgment that a trust exists for the benefit of the loyal Mdewakanton and that the United States had breached its fiduciary duties through the 1980 Act and other actions.

On October 27, 2004, the Court of Federal Claims denied the United States' motion to dismiss for lack of jurisdiction and granted the Plaintiffs' motion for partial summary judgment that the Appropriations Acts created a trust for the benefit of the Loyal Mdewakanton and that the trust was breached by the United States. On December 16, 2005, the court denied reconsideration.

On September 26, 2007, the Court of Federal Claims granted the United States' motion for certification for interlocutory appeal on two issues:

(1) Whether a trust was created in connection with and as a consequence of the 1888, 1889, and 1890 Appropriations Acts for the benefit of the loyal Mdewakanton and their lineal descendants, which trust included land, improvements to land, and monies as the corpus; and

(2) If the Appropriations Acts created such a trust, whether Congress terminated that trust with enactment of the 1980 Act.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory

orders certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir.1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting the petition in these circumstances is warranted.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for permission to appeal is granted.

(2) The motion for leave to file a brief amicus curiae is granted.