NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 902

TRI-STAR ELECTRONICS INTERNATIONAL, INC.,

Plaintiff-Respondent,

v.

PRECI-DIP DURATAL SA,

Defendant-Petitioner.

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b)
from the United States District Court for the Central District of California
in case no. 08-CV-4226, Judge Gary A. Feess.

ON PETITION FOR PERMISSION TO APPEAL

Before GAJARSA, FRIEDMAN, LINN, Circuit Judges.

LINN, Circuit Judge.

## O R D E R

Preci-Dip Durtal SA petitions for permission to appeal an order certified by the United States District Court for the Central District of California as one involving controlling issues of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. Tri-Star Electronics International, Inc. opposes.

In December 1997, Tri-Star changed its state of incorporation from Ohio to California by creating a new corporate entity in California and merging the new entity with its Ohio operation. Tri-Star immediately filed a Statement of Merger with the Ohio Secretary of State. In August 2005, Tri-Star used the same practice to become a

Delaware corporation, assigning all of its rights, including its patent rights to the new Delaware entity.

In 2008, Tri-Star filed this suit against Preci-Dip, alleging infringement of U.S. Patent No. 6,250,974. Preci-Dip moved to dismiss the complaint, alleging that when the inventor assigned his rights in 1999, he did so to Tri-Star, Ohio, which according to Preci-Dip ceased to exist under Ohio law at the time Tri-Star filed its Statement of Merger. Preci-Dip argued that Tri-Star has no standing to bring this suit.

On February 19, 2009, the district court denied Preci-Dip's motion to dismiss. The court explained that the original assignment agreement between the inventor and Tri-Star, Ohio was effective because the agreement assigned all rights in the patent to Tri-Star, Ohio its successors and assigns. The court also explained that under Ohio Rev. Code §§ 1701.79, 1701.82, Tri-Star, Ohio continued to exist notwithstanding the merger to convey, assign, transfer or otherwise vest property or rights in the surviving or new entity. Finally, the district court found that even if it were to find that Tri-Star, California did not receive the rights to the patent by operation of law, the original assignment agreement should be reformed under the equitable doctrine of contract reformation to reflect the parties' clear intention despite a mistake in drafting. The court nevertheless granted Preci-Dip's request to certify its order for permissive appeal.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed. Cir. 1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be

taken from such order"). We determine that granting the petition in these circumstances is warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is granted.

FOR THE COURT

**MAY - 5 2009**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Robert E. Browne, Esq.
     Todd M. Sorrell, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY - 5 2009

JAN HORBALY
CLERK