NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VALDEMAR PORTNEY,**
*Plaintiff-Petitioner,*

v.

**CIBA VISION CORPORATION,**
*Defendant-Respondent.*

---

Miscellaneous Docket No. 939

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) from the United States District Court for the Central District of California in case no. 07-CV-0854, Judge Andrew J. Guilford.

ON PETITION FOR PERMISSION TO APPEAL

---

Before LINN, DYK, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

## ORDER

Valdemar Portney petitions for permission to appeal orders certified by the United States District Court for the Central District of California under 28 U.S.C. § 1292(b) and moves to transfer the petition to the United States

Court of Appeals for the Ninth Circuit. CIBA Vision Corporation (CIBA) opposes. Portney replies.

## I. Background

This petition for permission to appeal an interlocutory order stems from a breach of contract suit arising out of a patent and proprietary information sublicense agreement. Portney owns several patents (both foreign and domestic) and proprietary information, relating to multifocal contact lenses. Under the Agreement, CIBA received the right to sublicense devices employing Portney's proprietary information and patents in consideration for royalties.

The royalty rate that Portney is to receive under the Agreement is dependent upon what intellectual property CIBA's sold devices employ. For devices sold by CIBA covering a domestic patent, Portney is to receive a 6% royalty rate; a 3% royalty rate if a device sold is covered by a foreign patent; a 4% royalty rate if a device sold employs proprietary information and sold in the United States; and a 2% royalty rate if a device employs the proprietary information and is sold outside the United States.

Portney brought this suit in federal district court, asserting diversity jurisdiction, alleging that CIBA had breached the sublicense agreement. Portney sought relief in the form of damages and a full accounting of all moneys owed. There was no patent infringement claim asserted in Portney's complaint as amended. However, a significant aspect of the dispute is whether CIBA owes additional royalties because its devices fall within the boundaries of Portney's patents thereby. requiring a higher royalty rate payment.

The district court held a claim construction hearing to determine the boundaries of Portney's patent claims as the initial step in figuring our what, if any, devices of CIBA sold fall within the 6% royalty rate for domestic

patents and 3% royalty for foreign patents. After the hearing, the court informed the parties that it had sided with the more narrow construction of the patents offered by CIBA. On December 23, 2009, the court issued its final claim construction order and on February 17, 2010, the court certified the claim construction order for permissive appeal pursuant to § 1292(b).

In the order certifying the petition, the district court noted the controlling question of law was the construction of several patent claim terms. Portney sought interlocutory appeal in the United States Court of Appeals for the Ninth Circuit. CIBA asserted that this court, not the Ninth Circuit, had proper jurisdiction over the petition. CIBA asserted that the case falls within this court's appellate jurisdiction because the determination whether additional royalties are owed under the agreement necessarily depends on whether CIBA's devices fall within the claims of Portney's patents. The Ninth Circuit transferred the petition to this court.

## II. Jurisdiction

Portney moves to transfer the petition back to the Ninth Circuit contending that it is the proper forum for resolution. He argues that his complaint as amended raises only state law breach of contract and fraud issues and neither includes a patent claim nor necessarily turns on a substantial question of patent law. CIBA opposes transfer, again arguing that this court has proper jurisdiction because of the need to resolve whether its devices fall within the scope of Portney's patents.

We agree with CIBA that this court has jurisdiction over this petition. Pursuant to 28 U.S.C. § 1292(c)(1), this court has exclusive jurisdiction over a certified petition for permission to appeal under 28 U.S.C. § 1292(b) of "an appeal from an interlocutory order or decree . . . in any case over which the court would have jurisdiction of an

appeal under [28 U.S.C. § 1295]." Section 1295(a)(1) provides that this court has jurisdiction over an appeal from a final decision of a district court "if the jurisdiction of that court was based, in whole or in part, on section 1338" of title 28. Section 1338, in turn, gives district courts original jurisdiction of "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a).

In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), the Supreme Court addressed the meaning of the term "arising under" in the context of section 1338. The court stated that § 1338 jurisdiction extends only to those cases in which a well-pleaded complaint establishes either (1) that federal patent law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of those well-pleaded claims. *Id.* at 809.

The Court in *Christianson* further held that the "law of the case" doctrine applies when a court of appeals transfers a case based on its determination that another court of appeals has jurisdiction. The Court explained that "as a rule[,] courts should be loathe [to revisit decisions of a coordinate court] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id.* at 817.

Under this exacting standard, Portney cannot meet his burden of demonstrating that this court should retransfer. Although it is clear that Portney's complaint does not raise a patent claim, CIBA's argument that the second prong of the *Christianson* test, i.e., that at least one claim for relief necessarily turns on a substantial question of patent law, is sound.

As CIBA points out, resolution of a proper accounting and damages will necessarily depend on Portney demonstrating that certain CIBA products require a higher royalty rate than has been paid because the products fall within the claims of the patent. In *U.S. Valves, Inc. v. Dray*, 212 F.3d 1372 (Fed. Cir. 2000), we retained jurisdiction over a complaint seeking injunctive relief against a patentee accused of breaching its grant of an exclusive right to sell and manufacturer products under the patent. We explained that jurisdiction in this court was proper because to demonstrate the right to injunctive relief, the plaintiff would need to establish that the defendant's products infringed, i.e., fell within the scope of the patents. *Id.* at 368. The analysis in *U.S. Valves* applies with similar force here.

### III. Disposition of the § 1292(b) Petition

As noted above, the controlling question of law certified by the district court was the construction of various disputed claim terms in Portney's patents.

When creating the authority to seek appellate review pursuant to § 1292(b), Congress made clear that it was not establishing an accessible tool for parties to avoid waiting for final judgment to seek ordinary error-correction. *See* Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b)*, 88 HARV. L. REV. 607, 631 (1975) ("The statutory history of the Act plainly shows that . . . supervision . . . [is not] a proper justification for a section 1292(b) appeal.").

This court has generally refrained from granting § 1292(b) petitions to resolve claim construction disputes, instead, leaving such matters to be determined after entry of final judgment. This court's decision in *Regents of Univ., Cal. v. Dako North America*, 477 F.3d 1335 (Fed. Cir. 2007) marks the only occasion in which this court granted a § 1292(b) petition to review the merits of a

claim construction order. We made clear in *Regents* however, that the decision to grant that petition was based solely on the peculiar circumstances of that case in which the same claim construction order was already before the court in an appeal of an order denying an injunction. *Id.* at 1336.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed. Cir. 1990); 28 U.S.C. § 1292(c)(1). Here, we see no reason to depart from our general practice of waiting until final judgment has issued to resolve ordinary claim construction issues. Thus, granting the petition in these circumstances is not warranted.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to transfer is denied.

(2) The petition for permission to appeal is denied.

FOR THE COURT

**OCT 2 8 2010**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Howard N. Wisnia, Esq.
     Patrick J. Kelleher, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

OCT 2 8 2010

JAN HORBALY
CLERK