NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RITZ CAMERA & IMAGE, LLC,**
*Plaintiff-Respondent,*

v.

**SANDISK CORPORATION,**
*Defendant-Petitioner.*

---

Miscellaneous Docket No. 101 .

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) from the United States District Court for the Northern District of California in case no. 10-CV-2787, Judge Jeremy Fogel.

---

## ON PETITION FOR PERMISSION TO APPEAL

---

Before NEWMAN, LINN, and REYNA, *Circuit Judges.*
LINN, Circuit Judge.

## ORDER

SanDisk Corporation petitions for permission to appeal an order certified by the United States District Court for the Northern District of California as one involving a controlling question of law as to whether direct purchas-

ers of patented products may bring a *Walker Process* antitrust claim challenging a patent's validity with no threat of an infringement suit. Ritz Camera & Image, LLC opposes. SanDisk replies.

Ritz Camera filed this lawsuit against SanDisk, alleging antitrust violations under the Sherman Act based on SanDisk's alleged intentional failures to disclose material prior art and misrepresentations to the Patent Office. SanDisk moved to dismiss the complaint in the district court on the grounds that, inter alia, Ritz Camera, as a direct purchaser, did not have standing to bring suit.

The district court held that Ritz Camera did have standing to sue. The court explained that "the Supreme Court decision in *Walker Process* places no limitation on the class of plaintiffs eligible to bring a *Walker Process* claim[.]" The district court further noted that while other courts have held that consumers lack standing to assert a *Walker Process* claim unless the patent at issue was already determined to be unenforceable, and here the patent-at-issue has not been adjudged unenforceable, the fact that the *Walker Process* claims survived a motion for summary judgment in a previous case "raise[s] at least some question as to the validity of the subject patent." After denying SanDisk's motion to dismiss for lack of standing, the court granted SanDisk's request to certify its order, as it relates to standing, for permissive appeal.

Section 1292(b) establishes three criteria for certification. The district court must be of the opinion that: (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. Ultimately, this court must exercise its own discretion in deciding whether it will

grant permission to appeal interlocutory orders certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir.1990). This court determines that granting the petition in these circumstances is warranted.

This court notes that Ritz Camera argues that this court does not have jurisdiction to hear the permissive appeal because the right to relief does not "necessarily depend on resolution of a substantial question of federal patent law." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800 (1988). This court deems it the better course to defer the jurisdictional issue raised by the parties to the merits panel.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is granted.

FOR THE COURT

JAN 1 3 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Joseph S. Hall, Esq.
     David W. Hansen, Esq.
     Clerk, United States District Court For The Northern District Of California

s24

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 1 3 2012

JAN HORBALY
CLERK