NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MLC INTELLECTUAL PROPERTY, LLC,**

*Plaintiff-Petitioner*

**v.**

**MICRON TECHNOLOGY, INC.,**

*Defendant-Respondent*

---

2020-105

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. Section 1292(b) from the United States District Court for the Northern District of California in No. 3:14-cv-03657-SI, Senior Judge Susan Y. Illston.

---

**ON PETITION**

---

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges.*

PER CURIAM.

**O R D E R**

MLC Intellectual Property, LLC petitions for permission to appeal interlocutory orders certified by the United States District Court for the Northern District of California.  Micron Technology, Inc., while disagreeing with

MLC's challenges to the underlying orders, agrees with MLC that this court should grant review.

MLC sued Micron for infringement of a patent that has expired and sought reasonable royalty damages. MLC's expert submitted a report proposing a royalty calculation using a royalty rate he derived from two license agreements and extrinsic evidence. He multiplied that rate by alternative royalty bases: either all revenue from the accused products or all revenue from what the parties agreed was the smallest salable patent practicing unit ("SSPPU"). Micron filed pre-trial motions to exclude the testimony.

The district court issued three separate damages orders, granting Micron's motions and excluding MLC's expert report and testimony. The district court then certified the three orders for review under 28 U.S.C. § 1292(b), which authorizes a district court to certify for appeal an otherwise-unappealable order when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).[1]

Section 1292(b) gives this court discretion to exercise interlocutory review. *In re Convertible Rowing Exerciser Patent Litig.*, 903 F.2d 822, 822 (Fed. Cir. 1990). Under the unique circumstances of this case, where the certified damages orders leave the plaintiff with no damages case to present at trial and the district court has concluded that there

---

[1]    In the same certification order, the district court denied Micron's motion for summary judgment of no remedy despite noting that it had excluded all of MLC's expert evidence because it could not reach the conclusion that it is undisputed that zero was the only reasonable royalty rate here.

MLC INTELLECTUAL PROPERTY, LLC v. MICRON TECHNOLOGY, INC.    3

are no available alternative options without section 1292(b) review to otherwise avoid an expensive trial solely on liability, we agree with the district court and the parties that review is appropriate.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is granted. This case is transferred to the regular docket. MLC's opening brief is due within 40 days of the date of filing of this order.

FOR THE COURT

January 30, 2020
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s24