**NORTHRUP GRUMMAN CORPORATION MILITARY AIRCRAFT DIVISION, Plaintiff–Petitioner,**

**v.**

**UNITED STATES, Defendant–Respondent.**

**No. MISC. 789.**

United States Court of Appeals, Federal Circuit.

May 2, 2005.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

*ORDER*

LOURIE, Circuit Judge.

Northrup Grumman Corporation Military Aircraft Division petitions for permis-

sion to appeal the order certified by the United States Court of Federal Claims as one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(d)(2). The United States opposes.*

The United States awarded Northrup Grumman a fixed-price contract for development and production of a cruise missile. The United States subsequently terminated the contract for convenience. After the contracting officer denied its claims, Northrup Grumman filed suit seeking monies in excess of $795,000,000 alleging that the United States violated section 8118 of the Department of Defense Appropriations Act, Pub.L. No. 100–202, 101 Stat. 1329 (1987), and various related procurement regulations and directives. Northrup Grumman's 14–count second amended complaint alleged various other theories of recovery. The Court of Federal Claims granted the United States' motion to dismiss the five counts of Northrup Grumman's complaint alleging violation of Section 8118 and related procurement regulations and directives, relying primarily on *American Telephone and Telegraph Company v. United States,* 307 F.3d, 1374 (Fed.Cir.2002) (*AT & T*). The Court of Federal Claims granted Northrup Grumman's motion for certification of the order. Northrup Grumman's complaint remains pending on its other theories of recovery.

This court determines for itself whether it will grant permission to appeal an interlocutory order certified by a trial court.

* The United States' unopposed motion for an extension of time to file its opposition is

*See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir. 1990). Such a ruling is within this court's complete discretion. *Id.* Northrup Grumman argues that *AT & T* can be distinguished on its facts, that the trial court interpreted the case too broadly, and that the Federal Circuit should revisit its holding in *AT & T.* Because these arguments are more appropriately made on any appeal from a final judgment, and because Northrup Grumman may still recover on its remaining counts, we conclude that interlocutory appeal is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.