AIR MEASUREMENT TECHNOLOGIES, INC., North–South Corporation, and Louis Herbert Stumberg, Plaintiffs–Petitioners,

v.

AKIN GUMP STRAUSS HAUER & FELD, L.L.P., Defendant–Respondent,

and

Branscomb, P.C., Defendant–Respondent.

Air Measurement Technologies, Inc., North–South Corporation, and Louis Herbert Stumberg, Plaintiffs–Respondents,

v.

Akin Gump Strauss Hauer & Feld, L.L.P., Defendant–Petitioner,

and

Branscomb, P.C., Defendant–Petitioner.

Misc. No. 831, 832.

United States Court of Appeals, Federal Circuit.

Nov. 2, 2006.

Before GAJARSA, DYK, and MOORE, Circuit Judges.

ON PETITION FOR PERMISSION TO APPEAL.

GAJARSA, Circuit Judge.

### ORDER

Plaintiffs and defendants both petition for permission to appeal the order denying defendants' motion to remand the case to state court, certified by the United States District Court for the Western District of Texas as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b), (c)(1). Defendants respond.

Plaintiffs sued defendants in state court, alleging legal malpractice. Among other things, plaintiffs' complaint asserted that defendants' were negligent in prosecuting plaintiffs' patents. As a result, plaintiffs maintain that they "were forced to settle their infringement claims [against competitors] for sums demonstrably and significantly less than their fair value." Defendants removed the case to the district

court, asserting subject matter jurisdiction under 28 U.S.C. § 1338, arguing that resolution of the malpractice dispute requires resolution of patent infringement and invalidity issues.

In 2006, the parties changed their respective positions. Defendants moved to remand the case to state court and plaintiffs opposed. The district court denied the motion to remand and certified its order for permissive appeal. The district court described the controlling issue of law as:

> [w]hether a Texas state-law legal malpractice claim arising out of underlying patent prosecution and patent litigation necessarily raises a question of federal patent law, actually disputed and substantial, that a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir. 1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting defendants' petition is appropriate. We agree with defendants that plaintiffs' petition is improper because plaintiffs were the prevailing parties on the issues.

Accordingly,

IT IS ORDERED THAT:

(1) Plaintiffs' petition for permission to appeal (Misc. 831) is denied.

(2) Defendants' petition for permission to appeal (Misc. 832) is granted.