**UNITED STATES, Plaintiff–Respondent,**

v.

**UPS CUSTOMHOUSE BROKERAGE, INC., Defendant–Petitioner.**

**Misc. No. 836.**

United States Court of Appeals, Federal Circuit.

Dec. 29, 2006.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

SCHALL, Circuit Judge.

*ORDER*

UPS Customhouse Brokerage, Inc. petitions for permission to appeal the order certified by the United States Court of International Trade as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(d). The United States opposes.*

After UPS Customhouse paid $15,000 in one penalty case, but refused to pay the remaining $75,000 sought by the United States in two additional penalty cases, the United States filed a complaint in the Court of International Trade. All three penalty cases arose out of UPS Customhouse's alleged repetitive misclassifications of computer products for purposes of duty exclusions.

UPS Customhouse filed a motion for summary judgment asserting that the customs broker penalty statute, 19 U.S.C. § 1641(d)(2)(A), limits its liability to a single monetary penalty or penalties totaling $30,000, for multiple violations. The Court of International Trade denied UPS Customhouse's motion for summary judgment and certified its order, describing the controlling issue of law as:

> [w]hether pursuant to 19 U.S.C. § 1641(d)(2)(A), the United States Bureau of Customs and Border Protection may issue more than one penalty notice for a customs broker's alleged failure to exercise responsible supervision and control based upon the customs broker's

* The United States' motion for an extension of time, until November 27, 2006, to file its opposition is granted.

alleged repeated misclassification of entered merchandise over a period of time and on multiple separate entry documents; and if so, whether the aggregate penalty sought from those multiple penalty notices may exceed $30,000.

The United States' motion for summary judgment remains pending before the Court of International Trade.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir. 1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting the petition in these circumstances is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.