NETWORK SIGNATURES, INC., Plaintiff/Counterclaim Defendant–Respondent,

v.

ABN–AMRO, INC., Defendant/Counterclaimant–Petitioner,

v.

United States and Secretary of the Navy, Counterclaim Defendants–Respondents.

Misc. No. 850.

United States Court of Appeals, Federal Circuit.

June 13, 2007.

Before SCHALL, GAJARSA, and LINN Circuit Judges.

**916**

*ORDER*

LINN, Circuit Judge.

ABN–AMRO, Inc. petitions for permission to appeal the order certified by the United States District Court for the Central District of California in *Network Signatures, Inc. v. ABN–AMRO, Inc.,* No. 06–CV–629 (Apr. 10, 2007) as one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b) and (c). Network Signatures, Inc. and the United States each oppose.

Network Signatures filed suit alleging that ABN–AMRO infringed a patent owned by the United States. ABN–AMRO moved to dismiss the action, arguing that Network Signatures lacks standing to bring suit without joining the United States as a co-plaintiff because Network Signatures is not the patentee and does not possess all substantial rights to the patent. The district court held that Network Signatures is the exclusive licensee of the patent and denied ABN–AMRO's motion to dismiss. ABN–AMRO moved for reconsideration. The district court determined that Network Signatures does not possess all substantial rights to the patent but nonetheless has standing to bring suit in its own name based on 35 U.S.C. § 207(a) and our decision in *Nutrition 21 v. United States,* 930 F.2d 862 (Fed.Cir.1991). The district court sua sponte certified for interlocutory appeal its order denying reconsideration. ABN–AMRO seeks permission to appeal.

The decision whether to grant a petition for permission to appeal is within this court's discretion. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir.1990). In this case, we conclude that interlocutory appeal is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.