NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 879

SKY TECHNOLOGIES LLC,

Plaintiff-Respondent,

v.

SAP AG and SAP AMERICA, INC.,

Defendants-Petitioners.

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) from the United States District Court for the Eastern District of Texas in case no. 2:06-CV-440, Judge David Folsom.

ON PETITION FOR PERMISSION TO APPEAL

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

SCHALL, Circuit Judge.

O R D E R

SAP AG and SAP America, Inc. (SAP) petition for permission to appeal an order certified by the United States District Court for the Eastern District of Texas as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. SAP also moves to stay proceedings in the Texas district court, pending disposition of this petition by this court. Sky Technologies LLC opposes.

Sky filed this patent infringement suit against SAP in the Eastern District of Texas. SAP moved to dismiss the suit and alleged that Sky lacked standing. SAP alleged that there was no written assignment agreement to Cross Atlantic Capital Partners (XACP) when XACP purchased patents in a foreclosure sale involving patents

owned by Ozro, Inc., and thus XACP could not in turn ultimately assign its interests to Sky. Citing this court's recent decision in Akazawa v. New Link Technology International, Inc., 520 F.3d 1354 (Fed. Cir. 2008), the Texas district court denied the motion to dismiss and held that under state law title of the patent transferred by operation of law and no written assignment was needed. Meanwhile, in the United States District Court for the District of Massachusetts, SAP sued the entities that owned the patent before the foreclosure sale, seeking a declaratory judgment concerning who owns the patents and declaratory judgments of noninfringement, invalidity, and unenforceability. The Massachusetts district court denied a motion to transfer that case to the Texas district court.

The Texas district court subsequently certified for permissive appeal its order denying SAP's motion to dismiss, stating that a substantial ground for difference of opinion may exist concerning whether a transfer of title through operation of law may apply in situations that do not involve heirs or probate law. In Akazawa v. Link New Tech. Int'l, Inc., 520 F.3d 1354 (Fed. Cir. 2008), we held ownership of a patent may be changed by operation of probate law. In Akazawa, we remanded for the district court to determine whether under Japanese law a patent was transferred to the estate, noting that pursuant to statute a patent may be granted to "the patentee, his heirs, or assigns." See 35 U.S.C. 154(a)(1). We noted that "there is nothing that limits assignment as the only means for transferring patent ownership. Indeed, the case law illustrates that ownership of a patent may be changed by operation of law." Akazawa, 520 F.3d at 1356. In contrast, 35 U.S.C. § 261 requires that all assignments be in writing.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed. Cir. 1990); 28

Misc. 879 - 2 -

U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order").  We determine that granting the petition in these circumstances is warranted.

Concerning SAP's request to stay proceedings in the Texas district court, we note that the Texas district court stated that if this court grants the petition for permission to appeal, it would consider staying its proceedings.  We deem the better course is for the Texas district court to consider that issue in the first instance.

Accordingly,

IT IS ORDERED THAT:

(1)    The petition for permission to appeal is granted.

(2)    The request to stay proceedings in the Texas district court is denied without prejudice.

FOR THE COURT

| | |
|---|---|
| Sept. 10, 2008 | /s/ Alvin A. Schall |
| Date | Alvin A. Schall |
| | Circuit Judge |

cc:    Paul S. Grewal, Esq.
       Brian Melton, Esq.

s19

Misc. 879                              - 3 -