NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 924

ICU MEDICAL, INC.,

Plaintiff-Respondent,

v.

RYMED TECHNOLOGIES, INC.,

Defendant-Petitioner.

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b)
from the United States District Court for the District of Delaware in case no.
07-CV-0468, Judge Joseph J. Farnan, Jr.

ON PETITION FOR PERMISSION TO APPEAL

Before MAYER, BRYSON, and DYK, Circuit Judges.

DYK, Circuit Judge.

## O R D E R

Rymed Technologies, Inc. petitions for permission to appeal an order certified by the United States District Court for the District of Delaware as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. ICU Medical, Inc. opposes.

In its claim construction order, the District of Delaware rejected Rymed's argument that the court was precluded from construing three claim terms: "preslit," "compressed state" and "decompressed state," differently than as construed by the United States District Court for the District for the Central District of California in ICU

Med., Inc. v. Alaris Med. Sys., Inc., 2007 U.S. Dist. LEXIS 96077 (C.D. Cal. Jul. 17, 2006). In Alaris, the Central District of California construed those three terms along with other terms, including "spike," and based on the construction of "spike" granted Alaris' motion for summary judgment of noninfringement. The Alaris district court also granted Alaris' motion for summary judgment of invalidity, determining that claims that did not contain the "spike" element failed to meet the written description requirement. On appeal, we affirmed the judgment of the Alaris district court but expressly only addressed the construction of "spike." ICU Med., Inc. v. Alaris Med. Sys., Inc., 558 F.3d 1368 (Fed. Cir. 2009).

In the present case, the District of Delaware certified its claim construction order for permissive appeal pursuant to 28 U.S.C. § 1292(b). Pursuant to that section, Rymed seeks review of the order containing the issue whether collateral estoppel or stare decisis apply to prior district courts' claim constructions that were not expressly reviewed on appeal.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed. Cir. 1990); 28 U.S.C. § 1292(c)(1). We determine that granting the petition in these circumstances is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.

FOR THE COURT

FEB 0 2 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Mark L. Levine, Esq.
     Rory J. Radding, Esq.
s19

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 02 2010

JAN HORBALY
CLERK

Misc. 924                        - 3 -