NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JODI A. SCHWENDIMANN (formerly known as Jodi A. Dalvey),**
*Plaintiff-Respondent,*

**v.**

**ARKWRIGHT ADVANCED COATING, INC.,**
*Defendant-Petitioner.*

---

Miscellaneous Docket No. 143

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) from the United States District Court for the District of Minnesota in No. 11-CV-0820, Judge Ann D. Montgomery.

---

**ON PETITION FOR PERMISSION TO APPEAL**

---

Before RADER, *Chief Judge*, DYK and WALLACH, *Circuit Judges.*

RADER, *Chief Judge.*

**O R D E R**

2      JODI SCHWENDIMANN v. ARKWRIGHT ADVANCED COATING

Arkwright Advanced Coating, Inc. ("Arkwright") petitions for permission to appeal the district court's March 19, 2012 and August 10, 2012 orders holding that Jodi A. Schwendimann had standing to bring her patent infringement claims.  Schwendimann opposes.

The document assigning U.S. Patent Application Serial No. 09/541,845 ("the '845 application") to Schwendimann is a hand-altered photocopy ("photocopy assignment") of an earlier assignment transferring rights in a different patent application ("the '983 application") from her former employer, Advanced Coating Technologies, Inc. ("ACT") to Schwendimann.  The alteration on the photocopy assignment was made by Schwendimann's counsel, who was also ACT's counsel.  Counsel altered the document by crossing out the "matter" portion of the "client-matter" number associated with the assignment of the '983 application and replacing it with the "matter" number associated with the '845 application assignment.  The photocopy assignment was faxed to the United States Patent and Trademark Office with a cover sheet identifying it as an assignment of the '845 application from ACT to Schwendimann.

In its March 19, 2012 order, the district court held that the photocopy assignment was a valid writing and that the irregularities therein did not preclude a finding that the document was a written instrument under 35 U.S.C. § 261.  In its August 10, 2012 order, the district court concluded that the photocopy assignment memorialized a valid agreement between ACT and Schwendimann to assign rights in the '845 patent.  The court further held that while on its face, the photocopy assignment conveyed rights in the '983 application, not the '845 application, Schwendimann had shown she was entitled to reformation under Minnesota contract law.

Arkwright moved for certification for interlocutory appeal, which the district court granted.  The court certi-

fied the following question for interlocutory appeal under 28 U.S.C. § 1292(b):

> Can a hand-altered photocopy of a prior, unrelated assignment satisfy the writing requirement of 35 U.S.C. § 261 for a different patent application and be reformed under state law to provide standing when a third party reading the hand-altered photocopy would be unable to discern which patent rights the parties intended to assign?

Under 28 U.S.C. § 1292(b), a district judge may certify for appeal an otherwise unappealable order when "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1296(b). Whether to accept an interlocutory appeal is a decision solely within our discretion. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed. Cir. 1990).

Based on the arguments in the motions papers, we decline to entertain this interlocutory appeal.

Upon consideration thereof,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s25